[No. 13684.   Department Two.— February 16, 1892.]

J. A. FAIRCHILD, APPELLANT, *v.* J. S. WALL, SUPER-
INTENDENT OF STREETS OF THE CITY OF OAKLAND,
RESPONDENT.

CHARTER OF OAKLAND — STREET IMPROVEMENT — POWER OF STREET SUPER-
INTENDENT — CONTRACT WITH OWNER OF FRONTAGE — MANDAMUS. —
Under the charter of the city of Oakland, the superintendent of streets
has the final determination of the facts as to whether the owners, or their
agents, of three fourths of the frontage on the street where work is to be
done elected to do the work ordered on the street on which they front;
and after he has entered into a contract with such persons, he cannot be
compelled by a writ of *mandamus* to enter into a contract for the work
with the contractor to whom the city council awarded the work.

ID. — FINALITY OF DETERMINATION. — Where the determination of a tribu-
nal is intended to be final, it cannot be disturbed, either on *mandamus*
or in any other way.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*C. T. H. Palmer, J. C. Martin,* and *Olney, Chickering
& Thomas,* for Appellant.

The mistakes, in the discretion of the street superin-
tendent, in awarding the contract can be reviewed, and
the proper action commanded. (*Frank* v. *Supervisors of
San Francisco,* 21 Cal. 697; *People* v. *Supervisors of San
Francisco,* 28 Cal. 429; *Stockton R. R. Co.* v. *Stockton,* 51
Cal. 328; *Grimm* v. *O'Connell,* 54 Cal. 522; Tapping on
Mandamus, sec. 14; Cooley on Taxation, 464, 465; *Mulli-
gan* v. *Smith,* 59 Cal. 206, and cases cited.) The action of
the superintendent being open to review, *mandamus* is
the proper remedy. (*Wood* v. *Strother,* 76 Cal. 553, 554;
9 Am. St. Rep. 249; *State* v. *Lewis,* 10 Ohio St. 130.   See
*Thomas* v. *Armstrong,* 7 Cal. 286; *Drew* v. *Smith,* 38 Cal.
325; *Himmelmann* v. *Cofran,* 36 Cal. 412; Hayne on New
Trial and Appeal, sec. 323; *Comm'rs* v. *Smith,* 5 Tex. 471;
Dillon on Municipal Corporations, 4th ed., sec. 830;
Blackwell on Tax Titles, 39; *Mulligan* v. *Smith,* 59 Cal.
206; *Kahn* v. *Board of Supervisors,* 79 Cal. 388.)

*James A. Johnson,* and *Parker & Eells,* for Respondent.

The street superintendent having had jurisdiction of the parties, his decision is conclusive, and not subject to collateral attack. (*Spaulding* v. *Homestead Ass'n*, 87 Cal. 42; *People* v. *Common Council*, 78 N. Y. 33; 34 Am. Rep. 500.) The writ of *mandamus* will not be granted against a public officer, unless the right of the applicant be clear and unquestionable, and unless the duty of the officer be clearly defined and enjoined upon him by law, and be ministerial in its nature, and not involving any judicial function, discretion, or alternative. (*Tabor* v. *Commissioners*, 29 Tex. 508; High on Extraordinary Legal Remedies, 1st ed., sec. 10.) Fairchild has no rights which can be enforced herein, as he made his bid with the distinct understanding that the contract was liable to be taken from him by the property-owners. (*Bowers* v. *Sonoma Co.*, 32 Cal. 66; *Howland* v. *Eldredge*, 43 N. Y. 457; *State* v. *Board of Education*, 24 Wis. 683.) An inchoate right is not sufficient; *People* v. *Brooklyn*, 1 Wend. 318; 19 Am. Dec. 502; High on Extraordinary Legal Remedies, 1st ed., p. 13, note 6); no property rights of the petitioner have been affected. (*People* v. *Contracting Board*, 27 N. Y. 378.) The statute confers no absolute right upon a bidder to enforce the letting of a contract by *mandamus*, after it has already been awarded to another. (High on Extraordinary Legal Remedies, sec. 92; *People* v. *Common Council*, 78 N. Y. 38, 39; 34 Am. Rep. 500; *State* v. *Board of Education*, 24 Wis. 683.) Confessedly this contract has already been let to another; this is "sufficient to induce the court to decline to interfere to further complicate the matter, even though they might otherwise have done so." (*State* v. *Board of Education*, 24 Wis. 683; High on Extraordinary Legal Remedies, secs. 9, 42.) If defendant had not acted at all, and refused to act, he might be compelled to proceed and determine whether or not there were three fourths of the property-owners making application for the contract. But as he has already made determination, and "set himself in motion,"

he is "no longer subject to the control of the writ." (High on Extraordinary Legal Remedies, secs. 32, 328; *Levy* v. *Superior Court*, 66 Cal. 293.) Nearly all the questions in this case are decided in the case of *Devin* v. *Belt*, 70 Md. 352.

FOOTE, C. — This action is to obtain a writ of *mandamus* to compel the defendant to enter into a contract for street-work with the plaintiff, to whom, it is claimed, a contract for street-work had been awarded by the city council of the city of Oakland, to which tribunal such authority is delegated by the charter of that city.

A demurrer was filed to the affidavit, upon which an alternative writ of mandate was issued, which reads thus: "Now comes J. S. Wall, superintendent, etc., defendant, and makes return to the alternative *mandamus*, and demurs to the affidavit upon which the same was issued herein, upon the grounds that the same does not state facts sufficient to constitute a cause of action, or to entitle the petitioner to the relief asked for, or to any relief."

The demurrer was sustained, and the plaintiff declining to amend the affidavit, judgment of dismissal of the alternative writ of mandate, and that the order to show cause be discharged, and that the plaintiff take nothing, etc., and for costs, in favor of the defendant, was duly given and made, from which this appeal is taken.

It appears from the affidavit of *mandamus* that the plaintiff claims to have been awarded a certain street contract by the Oakland City council, and that the superintendent of streets, whose duty it is to enter into such contracts by and on behalf of the city, refuses to do his duty in the premises.

It is also stated in the affidavit that the reason assigned by the superintendent why he will not do so is " solely because he, in his official capacity as street superintendent, had already received from other persons, purporting to be the owners of three fourths or more of the frontage of lots and lands liable to be assessed for said

work, the said sum of $67.30, advanced by them to him for payment of said incidental expenses, and had already executed with said persons, as owners, a contract for said work, in which he had fixed the periods of time for beginning and completing the work, and had received from them a bond for said work, and therefore would not perform said acts a second time, except under mandate of a court."

The part of the sections of the charter of the city of Oakland under which the authority on the part of the superintendent of streets exists to enter into a contract with owners of frontages of lots and lands upon a street where work is to be done, even after the city council has awarded a contract, such as is claimed by the plaintiff to have been awarded to him by that body, reads thus:—

"The owners of three fourths of the frontage of lots and lands upon the street whereon said work is to be done, or of the lots and lands which are liable to be assessed for said work, or their agents, and who shall make oath that they are such owners or agents, shall not be required to present sealed proposals or bids, but may, within ten days after the first posting and publication of said notice of said award, elect to take said work, and enter into a written contract to do the whole work at the price at which the same has been awarded." (Stats. 1889, p. 162.)

"Sec. 6. The superintendent of streets is hereby authorized, in his official capacity, to make all written contracts, and receive all bonds authorized by this act, and to do any other act, either express or implied, that pertains to the street department under this act," etc. (Stats. 1885, p. 151.)

The affidavit for the *mandamus* does not, as we read it, declare that the affidavits mentioned in section 5 of the act of 1889 as amended (p. 162) were not made, nor does it declare anything material, positively, except that three fourths of the owners, etc., " did not elect to take such work and enter into a written contract to do the whole work at the prices at which the same had been

awarded, or to file with the street superintendent any bond therefor, as required by law in case of such election."

The main idea prevalent in the affidavit and in the argument of the appellant seems to be, that the street superintendent did not contract with three fourths of the owners of the frontage of lots and lands on the street where the work was to be done, and that such owners did not elect to do the work; that as a matter of fact they did not, in numbers and amount of ownership, as the statute requires, elect to do the work or enter into a legal contract therefor with the superintendent of streets. Therefore the appellant claims the right, in this proceeding, to show this fact, and thereby to control the action of the street superintendent by *mandamus*, and force him to enter into a contract and accept the bond of the plaintiff as the awardee of the contract from the city council.

The position of the defendant seems to be, that he has already ascertained the fact that the requisite number of property-owners have elected to do the work, and that he has done his duty under the law, and entered into a contract with them, and cannot legally do as desired by the plaintiff.

The rule with reference to the enforcement of the remedy sought here seems to have been announced in the case of *Wood* v. *Strother*, 76 Cal. 554; 9 Am. St. Rep. 249: "If the determination of the tribunal was intended to be final, it is plain that it cannot be disturbed, either on *mandamus* or in any other way."

The matter to be determined in that case was, whether the auditor of the city and county of San Francisco had the right to determine a *purely legal question* as a finality. And it was held therein that he did not have such power. (*Wood* v. *Strother*, 76 Cal. 555; 9 Am. St. Rep. 249.)

In the present instance we do not perceive that the street superintendent had anything to do except to be satisfied that, as a fact, the owners, or their agents, of three fourths of the frontage on the street where work

was to be done elected to do the work ordered on the street on which they fronted. And the section of the statute which gives them this right, before the awardee has any right at all to do the work, has, as we have seen, this provision: "And who shall make oath that they are such owners or agents," who shall elect to do the work.

We can see no useful purpose for this clause, unless it be to enable the street superintendent to determine as a fact that the persons applying to elect to do the work are the persons who are entitled, under the law, to do it. It would appear that such a requirement is useless, unless it at least is intended to afford the means of ascertaining this fact. And as an officer is presumed to do his duty, we do not see any sound reason why such a thing may not be confided to his discretion as a finality.

The street superintendent has nothing to do with the awardee of the contract, until the "owners or agents" have failed to elect to do the work. All that he can do, in the first instance, is to enter into a contract with those whom the law gives the right to elect to do the street-work, and before doing this he is to satisfy himself, from the affidavits required, that they are the owners or agents, sufficient in number or amount to authorize them to do the work.

The discretion vested in him is confessed by the affidavit for *mandamus* to have been exercised, and we see no reason why he should be compelled by that writ to act a second time, and contrary to his former action.

We think the demurrer was properly sustained, and advise that the judgment be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.