## VAN VLECK v. BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al.*

### L. A. No. 162; March 29, 1897.

#### 48 Pac. 223.

**Board of Dental Examiners—Refusal to Indorse Diploma.—Act** of March 12, 1885 (Stats. 1885, p. 110), relating to the practice of dentistry, creates a board of examiners, and provides (section 5) that, if the examination "prove satisfactory," the board shall issue to qualified persons certificates, and shall indorse as satisfactory diplomas from any "reputable" dental college, "when satisfied of the character of such institution," on the holder furnishing "evidence satisfactory to the board" of his or her right to the same. Held, that the duties of such board are judicial, and its action in 'finding an examination unsatisfactory, or refusing to indorse "as satisfactory" a diploma from a dental college, is final.

**Board of Dental Examiners—Mandamus.—A** Petition for a Writ of Mandate to the state board of dental examiners alleged that petitioner presented to the board a diploma issued to him by a certain dental college; that such college then, and when the diploma was issued, "was a' reputable college, and there existed sufficient evidence of such fact"; that he furnished "evidence satisfactory" that he was the person named in the diploma, and that it was issued to him; that the board refused to indorse it; and that at the time the board "were satisfied" that such college was a reputable college. Held,

---

*Rehearing granted.

that such allegations were not the legal equivalent of allegations that the board found that petitioner furnished evidence satisfactory to the board that he was the person named in the diploma, and that the board was satisfied of the character of the institution issuing it.[1]

APPEAL from Superior Court, Orange County; J. W. Towner, Judge.

Petition by John D. Van Vleck for a peremptory writ of mandate to the board of dental examiners of the state of California, and the individuals composing such board, to compel the issuance to petitioner of a certificate entitling him to practice dentistry. From a judgment granting the writ, and from an order denying a new trial, defendants appeal. Reversed.

W. F. Fitzgerald, attorney general, and W. H. Anderson, deputy attorney general, and J. W. Ballard for appellants; Knight & Harpham for respondent.

VAN FLEET, J.—This is a proceeding in mandate, commenced in the superior court, against the board of dental examiners of the state, and the individuals composing said board, to compel the issuance to petitioner of a certificate entitling him to practice dentistry, under the act of the legislature entitled "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the state of California," approved March 12, 1885: Stats. 1885, p. 110. The court below gave judgment granting a peremptory writ, and defendants appealed therefrom, and from an order denying them a new trial.

Defendants demurred to the complaint or petition, upon the ground, among others, that it did not state facts entitling petitioner to the relief sought. The demurrer was overruled, and this ruling presents the only question which need be considered, since we are of the opinion the demurrer should have been sustained. The petition, omitting the formal parts and much immaterial and redundant matter, is, in substance,

---

[1] Cited in Ex parte Whitley, 144 Cal. 181, 1 Ann. Cas. 13, 77 Pac. 885, and there apparently denied authority for any purpose.

Cited in Raaf v. State Board, etc., 11 Idaho, 718, 84 Pac. 36, to support the view that mandamus is not available to one aggrieved by the state board of medical examiners in refusing a license, within the discretion given it, its functions being judicial.

that petitioner is the holder of a diploma of graduation regularly issued to him on April 2, 1894, by the American College of Dental Surgery of Chicago, Illinois, after a course of study therein and an examination for graduation as prescribed by the regulations thereof; that, desiring to practice his profession in this state, petitioner, on the tenth day of May, 1894, in pursuance of said act, presented to defendants his said diploma, and demanded that they indorse the same, and issue to him a certificate to that effect; that when said diploma was issued, and at the time of the application to defendants, said American College of Dental Surgery "was a reputable college, and there existed and was at the command of defendants sufficient evidence of such fact"; that with his application petitioner furnished "evidence satisfactory to the defendants that he was the person named in said diploma, and that the same had been issued to him as stated in said diploma"; that defendants, "without any lawful right or excuse therefor, refused to indorse plaintiff's said diploma, or to issue to him the certificate provided for in said act." The act referred to, which underlies the proceeding, makes it unlawful for any person who is not at the time of the passage of the act engaged in the practice of dentistry to engage therein, unless he shall have obtained a certificate as thereinafter provided. It authorizes the appointment of a board of examiners, to consist of seven practicing dentists, "whose duty it shall be to carry out the purposes and enforce the provisions of this act." After providing for the constitution and organization of the board, and for the registration of all those practicing dentistry in the state at the date of its passage, it provides: "Sec. 5. Any and all persons who shall so desire may appear before said board at any of its regular meetings, and be examined with reference to their knowledge and skill in dental surgery, and if the examination of any such person or persons shall prove satisfactory to said board, the board of examiners shall issue to such persons as they shall find to possess the requisite qualifications a certificate to that effect, in accordance with the provisions of this act. Said board shall also indorse as satisfactory diplomas from any reputable dental college, when satisfied of the character of such institution, upon the holder furnishing evidence satisfactory to the board of his or her right to the same, and shall issue certificates to that effect within ten days there-

after. All certificates issued by said board shall be signed by its officers, and such certificates shall be prima facie evidence of the right of the holder to practice dentistry in the state of California.'' The further provisions of the act are not involved.

The contention of the attorney general, for appellants, is that the functions of the defendant board under the statute are judicial or quasi judicial, in that they involved the exercise of discretionary power—the determination of facts from evidence; that the determination of such facts is exclusively and finally vested in said board; and that, therefore, while mandate will lie to require it to act, should it refuse, it will not require it to proceed to a particular conclusion; nor where it appears, as the complaint alleges, that it has acted and reached one result, can it be coerced by this writ to act differently. The correctness of these principles, if such be the proper interpretation of the powers vested in the board, is conceded by respondent, but respondent contends that the act will not bear such construction. His contention, in effect, is that the power vested in the board is largely ministerial, or clerical merely; that, while the board has certain discretionary power to pass upon the facts upon which its action is to be based, its determination of those facts is not final; that if the evidence presented to it is such that, in the judgment of the court, the board should have found in favor of the existence of the facts authorizing it to indorse the certificate, it can be required to so find, and make such indorsement. We are unable to coincide with respondent's construction of the act. The whole theory upon which it proceeds, and the manifest purpose intended to be accomplished thereby, are against such construction. It is very evident, as indicated not only by the title, but in the body, of the act, that the inducing consideration moving the legislature to its adoption was the protection of the public against the ills suffered at the hands of incompetent quacks, empirics and other unqualified practitioners in this most important and essential branch of modern surgery and medical science. Until within a comparatively recent period, the practice of dentistry consisted of treatment largely, if not exclusively, of a mere mechanical nature, such as drawing, filling and cleaning the teeth; and practitioners of the art were neither required nor expected to know anything of the

pathological features or surgical necessities of those diseases which render their artisanship a necessity to man's relief and comfort. Indeed, the local dentist was frequently the village barber or leech, the watchmaker, or even the blacksmith—any artisan possessed of a convenient, if not suitable, instrument, and the necessary strength to pull a tooth. In more recent years, however, the necessity for a higher and special education in the art and science of treating the teeth has become widely and generally recognized, and has given rise to a distinct, honorable and numerous profession. Departments for the teaching of dental science and surgery have been added to the regularly established schools of medicine and surgery, while numerous special colleges of dentistry have sprung up. Many of the latter, unfortunately, as with similar institutions in other branches of learning, are more of a pretense than a fact; mere pseudo establishments, with an outward semblance of educational facilities and forms, but in reality but dishonest shams, gotten up to make money, by dispensing, for coin and without requirements of learning, pretended certificates and diplomas of graduation, which give the holder an apparent standing and character in his profession, to which he is not of right entitled. The evil resulting from this abuse has become so pronounced as to have received very general recognition, and there are now to be found in most of the states statutes intended for its correction. The statute under consideration is one of these. As expressed in its title, its purpose is "to insure the better education of practitioners of dental surgery; and to regulate the practice of dentistry." It provides a board composed of expert practitioners, with power to examine the license those who have not graduated elsewhere, and to investigate and pass upon the reputability of schools and colleges issuing certificates or diplomas, and the right of the holders of such diplomas to their possession. The powers thus conferred are broad and comprehensive, and in some respects, at least, must in their nature be final. The judgment of the board, for instance, as to the qualification of an applicant for license by examination, which is largely, if not wholly discretionary, must of necessity be conclusive: Keller v. Hewitt, 109 Cal. 146, 41 Pac. 871. No one would question this. Is the power to pass upon the reputability of a college, or the right of a holder of a diploma, intended to be less discretionary or final? There

is nothing in the language of the act in conferring the power to indicate it. The requirement is to "indorse, as satisfactory, diplomas from any reputable dental college, when satisfied of the character of such institution, upon the holder furnishing evidence satisfactory to the board of his or her right to the same." This implies quite as necessarily the exercise of judgment and discretion as in the examination of an applicant as to his fitness. It does not direct the board to act upon the presentation of certain specified evidence prescribed by the statute, but it requires the finding of the facts upon which their action is to be based from evidence which is to be "satisfactory to the board." If the statute required that the applicant make a prescribed showing in a particular manner, and that thereupon the board should indorse his certificate, it might with some reason be said that the act was more ministerial than judicial, and that, upon the prescribed showing being made, the board could not refuse to act. Such a case would be within the doctrine of Wood v. Strother, 76 Cal. 545, 9 Am. St. Rep. 249, 18 Pac. 766, and Stockton & V. R. Co. v. City of Stockton, 51 Cal. 328, relied on by respondent, where the action of the tribunal depended upon a certain event, and, that event being shown to have in fact occurred, the adverse determination of the tribunal whose duty it was to act was held not so far discretionary as to conclude the question; the true test, as held in Wood v. Strother, being whether the determination of the tribunal "is intended by law to be final."

But here the question whether those facts which are to move the action of the board have been shown does not depend upon some specified piece of evidence fixed by the statute, but upon such facts as will satisfy the board. The whole question, in other words, as to the facts, is committed to its discretionary judgment; and that its determination in such a case is conclusive, and not subject to the mandatory control of the courts, there can be no doubt. In People v. State Board of Dental Examiners, 110 Ill. 180, where the statute made it the duty of the board to issue a license to a "regular graduate of any reputable dental college" having a full course of lectures and instruction in dental surgery, mandamus was sought to compel the issuance of a certificate to one who alleged that he held a diploma from

a "reputable dental college," and that there was annually delivered at said college "a full course of lectures." In sustaining a demurrer to the petition, it is said: "Whether a college be reputable or not is not a legal question, but a question of fact. So, also, are the requirements in regard to the annual delivery of a full course of lectures and instruction. These questions of fact are by the act submitted to the decision of the board, not in so many words, but by the plainest and most necessary implication. Their action is to be predicated upon the existence of the requisite facts, and no other tribunal is authorized to investigate them, and, of necessity, therefore, they must do so. The act of ascertaining and determining what are the facts is in its nature judicial. It involves investigation, judgment, and discretion." And it was held that mandamus would not lie to control the discretion thus vested, and that no ground of relief was stated. Under a statute of Missouri providing for the issuance by the state board of health of a certificate to practice medicine to "all who shall furnish satisfactory proof of having received diplomas or licenses from legally chartered medical institutions in good standing," if the diploma be found to be genuine, and the person named therein be the one presenting it, etc., it was held that the board was vested with discretionary powers involving matters of judgment which could not be controlled by mandate; and that a petition alleging a state of facts which under the act should apparently entitle him to a certificate, but which showed that the application had been acted on by the board and denied, did not state a case for relief: State v. Gregory, 83 Mo. 123, 53 Am. Rep. 565. To the same effect are Williams v. Dental Examiners, 93 Tenn. 619, 27 S. W. 1019, and State v. State Medical Examining Board, 32 Minn. 324, 50 Am. Rep. 575, 20 N. W. 238. See, also, Berryman v. Perkins, 55 Cal. 483; Jacobs v. Board, 100 Cal. 121, 34 Pac. 630; Fairchild v. Wall, 93 Cal. 401, 29 Pac. 60.

The facts alleged do not bring the case within the doctrine of Keller v. Hewitt, supra, relied on by petitioner. In that case the board of education had examined Keller for a teacher's certificate, and, as alleged in the petition, had found that he was in all respects qualified, and in every way fit and competent, to receive a certificate; but the board had, nevertheless, determined not to issue it. We held that, upon

these facts, the writ would lie to compel the issuance of the certificate; that notwithstanding the board's discretionary power in determining the question of fitness, "where, under the law and their rules, the question of an applicant's fitness to receive a certificate has been determined in his favor, the limit of the board's discretionary functions in the premises has been reached, and a plain legal duty results.'' In the present case the tribunal has acted, and has determined against the petitioner. ·The allegations that the American College of Dental Surgery "was a reputable college, and there existed and was at the command of defendants sufficient evidence of such fact,'' and that petitioner furnished "evidence satisfactory to defendants that he was the person named in said diploma,'' are not the legal equivalent of an allegation that the defendant board have so found. In the language of the court in People v. State Board of Dental Examiners, supra, on this precise point: "The demurrer here does not admit that the board of dental examiners found that the college at which the relator was graduated was reputable, although it does admit that to be the fact. But, since the board cannot be compelled to decide the question that way, although the evidence might clearly sustain it in so doing, there is no ground for mandamus.'' It follows that the petition states no cause of action, and the judgment and order must be reversed, and the cause remanded, with directions to sustain the demurrer. It is so ordered.

I concur: Harrison, J.

GAROUTTE, J., Concurring.—I entirely agree with Mr. Justice Van Fleet as to the true construction of the legislative act here involved, but am compelled to dissent from the conclusion arrived at, to the effect that the petition does not state sufficient facts to entitle petitioner to the relief sought. At one stage of the proceedings the board of dental examiners has a pure ministerial duty to perform, viz., to indorse the applicant's diploma as satisfactory; and that stage of the proceedings is reached when the board is satisfied that the character of the institution issuing the diploma is that of a reputable dental college, taken in connection with the further condition that the holder of the diploma has also furnished "evidence satisfactory to the board of his or her

right to the same." If the holder of the diploma complies with these two demands of the statute, then I say there is nothing remaining for the board of examiners to do but to indorse the diploma as satisfactory—an act in no sense judicial, and one to compel the performance of which a mandate will issue. Eliminating from the allegations of the petition all immaterial matters, it still fairly shows a compliance with the two foregoing demands of the statute. It is alleged "that, at the time of making such presentation and demand, he (petitioner) furnished to defendants evidence satisfactory to the defendants that he was the person named in said diploma, and that the same had been issued to him as stated in said diploma." We also find the further allegation: "Plaintiff, on his information and belief, alleges that at the time defendants refused to indorse his said diploma and issue said certificate, that the defendants, as such board of dental examiners, were satisfied that said college was a reputable college." The latter allegation is strictly in accordance with the terms of the statute, and the former, by a fair and liberal construction, is also sufficient.

Although holding the petition satisfactory in law, still plaintiff's troubles are by no means over. Allegations of fact are not difficult to make. Proof of the facts alleged is the final test of a meritorious case. And here proof of facts to fill the measure furnished by the aforesaid allegations of the petition is wanting. In the answer to the petition, the board denied that it was satisfied that the college issuing the diploma was a reputable medical college, and also denied that satisfactory evidence was furnished to it that petitioner was entitled to said diploma. Upon these issues evidence was introduced, and, although findings of fact thereon were made in favor of petitioner, still in view of the construction of the statute, as declared in the main opinion, and in which construction I heartily concur, those findings of fact, as to one of the allegations at least, are without support in the evidence; and a reversal of the judgment necessarily results. The law delegated to the board of examiners the power to hear and determine certain facts, and its determination as to those facts was beyond review by the superior court. The question for the superior court to decide was not as to the correctness of the board's decision, but, rather, what did the board decide? The vitality

of petitioner's case is found in the two allegations I have quoted from his petition; and, under the evidence introduced at the hearing before the trial court, it is a certainty that the petitioner did not furnish the board evidence satisfactory to it of his right to the diploma presented. It therefore follows that, as to one of the imperative demands of the statute, petitioner failed in his proof, and the relief asked for must be denied. For these reasons, I concur in the judgment.