MAUD A. E. KENNEY *vs.* THE STATE BOARD OF DENTISTRY.

PROVIDENCE—DECEMBER 30, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)    *Board of Registration in Dentistry.    Mandamus.*

The duties imposed upon the board of registration in dentistry by statute, as to the qualification of candidates, are not merely ministerial, but in this respect the board is vested with discretionary and judicial powers, the exercise of which can not be controlled by *mandamus.*

*Semble,*    that the remedy of a person who has been rejected by the board be-

cause of improper motives is by an action for damages against the individual members, alleging bad faith or other malversation in their discharge of their duties.

MANDAMUS. Heard on demurrer to petition, and petition dismissed.

TILLINGHAST, C. J. This is a petition for a writ of *mandamus* against the State Board of Dentistry, or, as it should be entitled, "The Board of Registration in Dentistry," to compel the issuance of a license to the petitioner to practice dentistry in this State.

The petitioner alleges that she applied for and took an examination before said board in July, 1903, and that the board reported that she had failed to pass said examination and refused to give her a certificate enabling her to practice dentistry; that she again applied for and took an examination before said board in October, 1903, and that the board again notified her that she had failed to pass said examination.

She further alleges that said board is by law compelled to give applicants for examination a fair, impartial, and unprejudiced examination both in theoretic and practical dentistry, and to establish the same standard for all persons examined, without favor to any, and also to permit an examination of the papers of examination when requested by those interested in the same.

She further alleges that she believes and therefore claims that she passed the standard in each of the examinations taken by her as aforesaid, and that an honest, impartial, and unprejudiced inspection of the papers written by her in said examinations will prove the same; that she has asked for an inspection of said papers, but has been unable to obtain the same, and that they are not kept on file by the board as required by law.

She further represents that she is ready to present her reasons to the court in support of her claim that she was not given a fair and impartial examination, and that she is desirous of having said papers examined, and the practical work done by her also examined, by practical and experienced dentists.

She therefore prays that a writ of *mandamus* may issue against said board commanding it to produce for inspection by competent dentists, appointed by this court, the examination papers aforesaid, and that the practical work done by her may be examined, and said board ordered to state wherein the same is wrong or faulty, and commanding said board, if it be ascertained from such inspection and examination that the petitioner is entitled to the same, to issue a certificate to her authorizing her to practice dentistry in this State.

To this petition the board has demurred on the grounds that the court is without jurisdiction in the case, and that, under the allegations aforesaid, the petitioner has no legal standing in this court.

We think the demurrer should be sustained.

(1)    Under the act creating The Board of Registration in Dentistry (see Gen. Laws R. I. cap. 155, and the acts in amendment thereof), it is clear that the duties devolved upon the board are not merely ministerial, but, on the contrary, are to some extent of a judicial character, in that they require the exercise of judgment and discretion in connection with the performance thereof.

The board is called upon, under Pub. Laws cap. 470, § 1,[1] to examine applicants, who intend to practice dentistry in this State, with reference to their knowledge and skill in dentistry, and to issue certificates to such as pass a satisfactory examination.

What standard of proficiency shall be adopted by the board, what practical tests shall be required of the applicant, what questions shall be asked, and what mode of examination shall be pursued are all questions to be determined by the board, except, however, that under Pub. Laws cap. 917, § 2, the

---

[1] Pub. Laws R. I. cap. 470, § 1. "Section 4 of chapter 155 of the General Laws is hereby amended so as to read as follows:

"'Sec. 4. All persons who hereafter intend to enter the practice of dentistry in this state shall appear before said board and be examined with reference to their knowledge and skill in dentistry; and to such as pass a satisfactory examination certificates to that effect, signed by the president and secretary of the board, shall be issued; and thereupon the names of such persons receiving certificates as aforesaid shall be registered with said board.'"

questions shall·be either: written or printed and the answers thereto shall be written in ink.   It is also provided in this section that the questions and answers shall be kept on file at least two years with said board, and shall be open to the inspection of any person affected by such examination.   But no supervisory authority over the action of the board is conferred by the statute upon any other tribunal.   The methods of examination are such as it sees fit to adopt, and the standard of proficiency is such as shall satisfy its judgment.   And . for this court to interfere with the action of the board, by summoning in expert dentists and obtaining their opinion as to the qualifications of the petitioner to practice dentistry, as prayed for by her, would be in effect to create a court of appeal in such cases, the finding of which might overrule and reverse the judgment of the board.   And that this court is wholly without jurisdiction to provide such a remedy is quite too clear to require serious consideration.   Legislative powers belong exclusively to the General Assembly.   If it had seen fit to give an appeal from the judgment of the board, no one could have questioned its right to do so.   But it did not, and we must therefore take the law as we find it and administer it accordingly.

If the board had failed to comply with the statute in regard to admitting the petitioner to be examined, it could doubtless. have been compelled to do so by *mandamus*.   For, as said by Douglas, J., in delivering the opinion of this court in *State* v. *Town Council*, 18 R. I. at p. 265: "One office of *mandamus* is to enforce obedience to statute law.   In general it lies to compel all officers to perform ministerial duties as well as to compel subordinate courts to perform judicial duties; but not to compel the exercise of discretion in any particular way."

Again, as said by Dubois, J., in the late case of *Corbett* v. *Naylor*, 25 R. I. at p. 522: "The function of *mandamus* is to compel the performance of a legal duty.   To command action; not to review action.   To complete the unfinished.   It is the remedy for nonfeasance, not for misfeasance.   It does not lie to correct mistakes that have been made, or to remedy wrongs that have been done, nor to undo that which is done."

In the case before us it does not appear that the board has failed to comply with the statute in question. It has twice examined the petitioner, and she has twice failed to satisfy it that she is competent to practice dentistry. Whether this is her misfortune, or the fault of the statute in not giving her the right of appeal, we are not called upon to decide. But we do decide that the remedy which she seeks by this proceeding is not one of which she can avail herself.

Again, for us to assume the right to pass upon the qualifications of the petitioner upon evidence to be presented, as she practically asks us to do, and to order the board to issue a certificate in case we find her qualified to practice dentistry, would be to constitute ourselves a board of dentistry in place of the one created by statute. But we have neither the disposition nor the power to usurp the functions of that body.

As to the allegation in the petition to the effect that the board has refused to permit the petitioner to see the examination papers given in by her when she took her examinations before the board, we reply that if the writ were prayed for upon that ground she would doubtless be entitled to have it issue, as the statutory duty of exhibiting such papers to a person who has been examined is a purely ministerial one. But the writ is not asked for on that ground, said allegation being incorporated in the petition, as we understand it, merely by way of aggravation, so to speak, or, in other words, for the purpose of showing that the board has been remiss in the performance of other duties than the particular ones relied on in support of the petition. Moreover, it is agreed by counsel that, since the petition was filed, the petitioner has been permitted to see and examine said papers.

As to the allegation to the effect that the board is prejudiced against the petitioner and has not given her a fair and impartial examination, it is sufficient to reply that this court can take no notice of such a charge in a proceeding of this sort. If she was rejected because of improper motives on the part of the board, her remedy is by an action for damages against the individual members thereof, alleging bad faith, and arbitrary disregard of their duties, or improper animus against the appli-

R. I.] KENNEY v. THE STATE BOARD OF DENTISTRY. 543

cant, or other malversation in their discharge of duty, but not by *mandamus*. *Ewbank* v. *Turner*, 134 N. C. 77.

Counsel for petitioner argues that the evident purpose of requiring the board to keep the examination papers on file for two years was that the person examined "should have a chance to see whether he had been fairly treated, or justly deprived of earning his living by an arbitrary board. . . . And that if it be found that he had been unfairly treated and that the board had been arbitrary and unjust, and that he had in fact passed a *lawfully* satisfactory examination," this provision of the statute was intended to give him the information and means "of applying to a power that could and should maintain his rights." And he further argues that this court has the power to grant relief, and "that its general jurisdiction will enable it to step in and compel this arbitrary board to perform its duty in order to prevent a failure of justice."

We fail to see any legal force in this argument. Whatever the purpose of the section requiring the board to keep the examination papers on file for two years may be, it is too clear for argument that such a provision has nothing whatsoever to do with regard to giving jurisdiction to this court to review the findings of said board.

In short, jurisdiction in a case of this sort does not depend upon the manner in which the board has discharged its duties in matters where it is called upon to exercise judgment and discretion, but it depends upon whether there has been an absolute refusal to perform either a ministerial or a judicial duty.

Here the complaint is not that the board has failed to perform a ministerial duty, but that it has performed a judicial duty in an unfair and arbitrary manner, whereby the petitioner has been unjustly deprived of her rights. For such a wrong, *mandamus* is not the remedy.

Demurrer sustained, and petition dismissed.

*Hugh J. Carroll*, for petitioner.

*William B. Greenough, Assistant Attorney-General*, for respondents.