IN THE MATTER OF THE APPLICATION OF RICHARD IVERS, COLLECTOR-GENERAL OF CUSTOMS, FOR A WRIT OF MANDAMUS AGAINST ANTONIO PERRY, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT.

ORIGINAL.

SUBMITTED JULY 6, 1899.          DECIDED JULY 10, 1899.

FREAR AND WHITING, JJ., AND WM. O. SMITH, ESQ., OF THE BAR, IN PLACE OF JUDD, C. J., ABSENT.

The statute authorizing a court of record or judge to order a commission to issue for the examination of witnesses, vests a discretion in the court or judge to direct the method of examination.

The refusal to order a commission to issue, directing oral examination, not an abuse of discretion under the circumstances presented in this case.

Mandamus the proper remedy in such cases only when an abuse of discretion is clearly shown.

OPINION OF THE COURT BY W. O. SMITH, ESQ.

This is an application by the Collector-General of Customs for a writ of mandamus directed to a Circuit Judge of the First Circuit, to compel him to order a commission to issue for the examination of witnesses residing abroad upon oral questions or interrogatories.

The petition alleges as follows:

"Your petitioner respectfully shows unto your Honors that he is the Collector-General of Customs of the Republic of Hawaii; that there are pending in the Circuit Court of the First Judicial Circuit of said Republic of Hawaii, before his Honor, Antonio Perry, First Judge of said Court, certain mandamus proceedings against your petitioner, to wit: In re Application of Lincoln D. Spencer for writ of mandamus against the Collector-General of Customs, re ship 'Star of France;' In re application of Lincoln D. Spencer for writ of mandamus against the Collector-General of Customs, re ship 'Euterpe;' In re application of John T. Campbell for writ of mandamus against the Collector-General of Customs, re 'Star of Russia;' that on Friday, the 30th day of June, A. D. 1899, the said causes came on for hearing upon the alternative writ of mandamus issued, and the return thereto filed, therein, before the said Antonio Perry, sitting in chambers as First Judge of the First Judicial Circuit as aforesaid, that your petitioner at such hearing, applied to the said Judge for an order in each of said causes, directing a commission to issue for the examination of witnesses residing in the States of Washington and California, United States of America, respectively, upon oath by oral questions to be propounded by counsel for either party, as provided by law; that your petitioner showed unto the said Judge that the object of taking such depositions was for the purpose of ascertaining and proving the fact of the true ownership of the vessels concerned in said causes, that your petitioner had reason to believe, and did believe, that certain persons, other than

the petitioners in said causes, and not citizens of the Republic of Hawaii, and to your petitioner unknown, were directly or indirectly, by way of trust, confidence or otherwise, interested in said vessels, or in the profits or issues thereof; that the names of such persons could not be inserted in the commission as persons whose depositions were to be taken, but that your petitioner expected to learn the names of such persons upon an examination of the alleged owners of said vessels, then and now residing in said States of Washington and California respectively, and whom it was desired and expected by your petitioner to examine and so secure their depositions upon the subjects-matter aforesaid; that your petitioner had reason to believe, and did believe, that the petitioners in said mandamus proceedings against your petitioner were concealing the fact of the interest of any other person or persons in said vessels, as aforesaid, that such fact and other facts bearing thereon are peculiarly within the knowledge of such petitioners and such other person or persons interested as aforesaid; that it was utterly impracticable for your petitioner to attempt to obtain this information, without great delay, and the suing out of repeated commissions, if the examination were to be confined to written interrogatories to be propounded solely to the petitioners in said causes; that your petitioner would be placed at a great disadvantage, amounting to a denial of justice, if the commission to take depositions in the said causes did not authorize the oral examination of such witnesses as were named in such commission and such other witnesses as might be produced by either party before the commissioner therein named; that your petitioner was entitled under the law to have a commission issue for an oral examination as aforesaid; but the said Antonio Perry, judge as aforesaid, refused said application, and peremptorily and without right, unjustly and contrary to law, declined to order a commission to issue for the examination of witnesses upon oral questions or interrogatories, as aforesaid, but ordered that a commission issue in each of said causes for the examination of witnesses solely upon written interrogatories, basing such refusal and such order wholly upon the ground that an oral examination might entail additional expense upon the said petitioners in said causes.

"Your petitioner further shows that under the provisions of section 1372 of the Civil Laws of 1897, the costs of the application for an order for the examination of witnesses under a commission, and of the order and proceedings thereupon, shall be costs in the cause unless otherwise directed by the judge making

such order, and that this is sufficient protection to the said petitioners in said causes against any unnecessary expense resulting from the oral examination of witnesses as aforesaid."

The questions presented to the court are:

*First:* Is the granting of an order appointing a commission for the examination of witnesses orally, a matter of discretion with the judge?

*Second:* If it is discretionary, was there abuse of discretion or such an abuse of discretion as would warrant the interference of this court?

The statute governing the issuance of commissions to take testimony is section 1370 of the Civil Laws of 1897, as follows:

§1370. It shall be lawful for any court of record, or any judge thereof in any action or suit depending in any such court, upon the application of any of the parties to such action or suit, to order a commission to issue for the examination of witnesses residing in a foreign country, or in some other circuit than that in which the cause is pending, upon oath by interrogatories, or otherwise, and by the same or any subsequent order or orders to give all such directions touching the time, place and manner of such examination and all other matters and circumstances connected with such examinations as may appear reasonable and just, and it shall be lawful for every person authorized to take the examination of witnesses by any rule, order, writ, or commission made or issued in pursuance of this Act, and he is hereby authorized and required to take all such examinations.

We are of the opinion that the provision of the statute, that the court may "give all such directions touching the time, place and manner of such examination and all other matters and circumstances connected with such examination as may appear reasonable and just," clearly gives the court discretion as to the nature of the commission which it may order.

The statutes relating to evidence and the means of obtaining evidence contain various provisions, some of which are mandatory; such, for instance, as the requirement that upon application of a party to an action the clerks of the court shall issue subpœnas for witnesses; and in cases where the deposition of a witness is required in a pending case, upon application to a district

magistrate, circuit judge or clerk of court, notice shall be given to the adverse party to appear at an appointed time and place for taking the deposition.

In other instances, a discretion is clearly and plainly given, as in the case of affording discovery to litigants. When a party to an action applies to the court for a rule or order to be allowed to inspect any real or personal property, the inspection of which may be material to the proper determination of the question in dispute, the statute provides "It shall be lawful for the court or any such judge, if they or he think fit, to make such rule or order."

Upon the case presented to this court, it is not necessary to discuss whether or not the judge or court is vested with a discretion as to whether any commission shall be issued, for the court has granted the order for a commission to examine witnesses upon written interrogatories and cross-interrogatories, but declined to grant a commission for their oral examination.

The relator submits that should the court hold that the granting of his application was within the discretion of the court or judge, that a clear abuse of discretion, amounting to a practical denial of justice, has been shown.

While the grounds for refusing the application have not been fully shown, and we do not understand why the order was not granted, we are of opinion that under the circumstances of the case as now presented, such an abuse of discretion has not been shown as will justify this court in issuing a writ of mandamus.

In *Virginia v. Rives*, 100 U. S. 323, the court says: "In what case such a writ is warranted by the principles and usages of law, it is not always easy to determine. Its use has been very much extended in modern times, and now it may be said to be an established remedy to oblige inferior courts and magistrates to do that justice which they are in duty, and by virtue of their office, bound to do. It does not lie to control judicial discretion, except when that discretion has been abused."

Were this the last opportunity the relator had to obtain a com-

mission for the examination of witnesses, there would be stronger ground for granting the writ. But, if upon return being made of the commission which the Circuit Judge has granted, it is shown that the evidence has not been obtained, and justice requires that another commission should issue, application can again be made.

It would seem that the additional delay and expense could be avoided by granting the desired commission now, but at this stage of the proceedings we are unwilling to interpose and control the judicial discretion of the Circuit Judge.

*Attorney-General H. E. Cooper and H. P. Weber* for the petitioner.

*Kinney, Ballou & McClanahan,* for the respondent.