Syllabus.

# IN THE MATTER OF THE APPLICATION OF SIDNEY K. LORIGAN, DOCTOR OF DENTAL SURGERY, FOR A WRIT OF MANDAMUS DIRECTED TO THE BOARD OF DENTAL EXAMINERS OF THE TERRITORY OF HAWAII, AND TO M. E. GROSSMAN, D. D. S., O. E. WALL, D. D. S., AND F. E. CLARK, D. D. S., THE MEMBERS OF THE BOARD OF DENTAL EXAMINERS OF THE TERRITORY OF HAWAII.

## No. 1239.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED APRIL 2, 1920.         DECIDED MAY 10, 1920.

### COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., ABSENT.

MANDAMUS—*office of—judicial or quasi-judicial power.*

In a mandamus proceeding to coerce a judicial officer or any person or board in the exercise of judicial or quasi-judicial power the sole legitimate purpose thereof is to set such person or board in motion; to command him or it to act, not how to act.

SAIE—*same—discretion—what constitutes discretion.*

Where there is no reasonable ground to justify a decision by such officer or board other than one way a refusal to find accordingly is not an exercise of discretion but a refusal to exercise it and where there is no legal remedy the court will award its writ of mandamus to compel the person or body to find the facts in accordance with the evidence.

PHYSICIANS AND SURGEONS—*board of examiners—powers quasi-judicial.*

Under our statute (Sec. 1041 R. L. 1915) providing for the examination of candidates for licenses to practice dentistry the board in passing upon the qualification of candidates exercises quasi-judicial powers and its decision as to qualifications cannot be controlled by mandamus unless the evidence before it will admit of but one conclusion, viz., that the candidate passed the required grade.

OPINION OF THE COURT BY KEMP, J.

The petitioner, Sidney K. Lorigan, applied to the board of dental examiners of the Territory of Hawaii on December 16, 1918, for a license to practice dentistry under the laws of this Territory. He complied with all of the laws of the Territory and the rules of said board prerequisite to his right to an examination by said board as to his proficiency. He was thereupon permitted to and did take the examination which commenced on January 15, 1919, and ended on February 8, 1919. On February 10, 1919, the board through its secretary notified the petitioner that he had not passed an examination satisfactory to said board and had been refused a license to practice dentistry in the Territory of Hawaii. Thereafter on March 24, 1919, upon the application of the petitioner the Hon. W. H. Heen, circuit judge of the first judicial circuit, issued an alternative writ of mandamus directed to said board of dental examiners and to the several members thereof commanding them and each of them to issue to the petitioner forthwith a license to practice dentistry in the Territory of Havaii or to show cause, if any said board or said members have, why the relief prayed for should not be granted.

The gist of the petitioner's complaint is set forth in paragraphs 6, 7, 8, 9, 11 and 12 of his petition and the alternative writ issued thereon as follows:

"VI. That your petitioner complied with all the laws of the Territory of Hawaii and the rules of said board of dental examiners required of him as an applicant for a license to practice dentistry in the Territory of Hawaii; that petitioner passed the examination given him by said board, as aforesaid, in every way and manner provided by said board and the laws of the Territory of Hawaii and is legally entitled to practice dentistry in the Territory of Hawaii, which license is wilfully, maliciously and unlawfully denied your petitioner by said board, as more fully appears from the allegations of this petition."

"VII. That said board of dental examiners, at the time of petitioner's application for examination to practice dentistry in the Territory of Hawaii, as aforesaid, and at the time the examination of your petitioner was passed upon by said board, had established a general average grade of seventy-five per cent. (75%) as the grade necessary to entitle an applicant to practice dentistry in the Territory of Hawaii."

"VIII. That petitioner in his examination by said board of dental examiners, as aforesaid, answered all of the questions propounded to him by said board fully, clearly and satisfactorily, and in the manner required by said board to entitle petitioner to a license to practice dentistry in the Territory of Hawaii, in this, to-wit, that the answers given by petitioner and the practical work done by him entitled petitioner to a general average grade of more than seventy-five per cent. (75%), being in excess of the grade required by said board to entitle petitioner to a license to practice dentistry in the Territory of Hawaii, as aforesaid."

"IX. And your petitioner further alleges and charges that, although your petitioner complied with all the laws of the Territory of Hawaii and the rules and regulations of said board of dental examiners required of your petitioner to entitle him to a license to practice dentistry in the Territory of Hawaii, as aforesaid, said board of dental examiners did not arrive at a fair and just conclusion in refusing your petitioner a license to practice dentistry in the Territory of Hawaii, but acted in a biased, prejudiced and arbitrary manner."

"XI. That the said Wall and Grossman, who are now, and were at all times herein mentioned, members of the board of dental examiners of the Territory of Hawaii, are prejudiced against your petitioner by reason of the attitude of said Dr. High, as aforesaid; that the said Grossman, Wall and Clark refused to grant petitioner a license to practice dentistry in the Terrtiory of Hawaii, well knowing that petitioner had passed a satisfactory examination, as aforesaid, because the said Grossman, Wall and Clark do not desire any competition with additional haole dentists

and have entered into a conspiracy to use their office as members of said board for the purpose of preventing qualified haole dentists not already practicing dentistry in the Territory of Hawaii from obtaining a license to practice their profession within said Terrtory, and that your petitioner, by the arbitrary and unwarranted action of the said board of dental examiners, as aforesaid, has been deprived of his constitutional right to earn his livelihood in his profession in the Territory of Hawaii; that petitioner, by reason of the unwarranted action of said board in denying him a license to practice dentistry in the Territory of Hawaii has suffered financially and has been irreparably damaged."

"XII.   And your petitioner further alleges that the said O. E. Wall, one of the members of said board of dental examiners, owns and conducts the Hawaiian Dental Supply Company, which company sells dental supplies in Honolulu; City and County of Honolulu, Territory of Hawaii; that your petitioner is informed and believes, and upon such information and belief, alleges that the said O. E. Wall uses his position as a member of said board of dental examiners to further his own financial ends by advocating the granting of licenses to practice dentistry in the Territory of Hawaii to applicants who will purchase dental supplies from said Honolulu Dental Supply Company.   And your petitioner is informed and believes, and upon information and belief, alleges that the said O. E. Wall, through the Honolulu Dental Supply Company, sells dental supplies to unlicensed dentists practicing dentistry in the Territory of Hawaii.   And your petitioner further alleges that one K. L. Chang made application to said board of dental examiners for a license to practice dentistry in the Territory of Hawaii on or about the same date that your petitioner applied for such examination, as aforesaid, and that the said Chang was duly examined by said board and granted a license to practice dentistry in the Territory of Hawaii.   And your petitioner further alleges that a comparison of the examination papers of the said Chang and of your petitioner, and of the practical work performed by the said

Chang and by your petitioner, at the time of said examination, will show that your petitioner passed higher grade than the said Chang. And your petitioner further alleges that the granting to the said Chang of a license to practice dentistry in the Territory of Hawaii and the refusal of a license to your petitioner, as aforesaid, was, as petitioner is informed and believes, due to the fact that the said Chang would not compete with the haole dentists practicing dentistry in the Territory of Hawaii, and that the said Chang had agreed to purchase from the said Honolulu Dental Supply Company certain dental supplies in the event that he received a license to practice dentistry in the Territory of Hawaii."

It appears from the record before us that the respondents interposed a demurrer to the petition and/or the alternative writ of mandamus which was overruled but the demurrer has not been brought up for review by us and we are unable except from statements in the briefs to ascertain what the grounds of demurrer were.

The respondents in response to the order to show cause after the overruling of their demurrer filed their answers in which they admitted that the petitioner had complied with the law and the rules of the board entitling him to take the examination and that he did take the examination at the time alleged by him; they also admit the truth of the allegation to the effect that the board had adopted a rule which was in force at the time petitioner applied for and took the examination that they would require a grade of 75% as the grade necessary to entitle an applicant to practice dentistry in the Territory of Hawaii, but they and each of them deny that the petitioner was entitled to a grade of 75% on said examination or that he passed the examination given him by said board in every way and manner provided by said board and the laws of the Territory of Hawaii. They also deny all of the allegations as to prejudice, collusion,

fraud, etc. The exact language of the answer not being necessary to the discussion is omitted. It is sufficient to say that all of the allegations charging the board and the members thereof with improper conduct are specifically denied.

A trial was thereafter had, the evidence consisting almost entirely of a reexamination by experts of the petitioner's examination papers and practical work done by him as part of the examination. The witnesses were permitted and required over the objection of the respondents to give their opinion as to whether the grades given the petitioner by the board upon his written answers to the questions propounded by the board constituted a proper grading.

At the conclusion of the trial the circuit judge dismissed the alternative writ of mandamus because, as he found from the evidence, the petitioner had failed to show that the action of the respondents in refusing to grant him a license to practice dentistry was manifestly unjust, unfair, malicious, biased, prejudiced and arbitrary. As pointed out by the circuit judge the evidence of experts called in behalf of petitioner is to the effect that many of the answers of the petitioner to questions propounded to him upon said examination upon which the board had given a low mark were full, accurate and correct and entitled to full credit; that others were entitled to a higher credit than given by the board. On the other hand, the experts called in behalf of the respondents have testified that the grading given by the board in almost every instance is all that the petitioner is entitled to upon his answers. There are a few notable exceptions where the experts called in behalf of respondents have said that petitioner's answers entitled him to a higher grade than that given by the board. It is also true that some of the experts called in behalf of respondents have

pointed out instances where the board gave petitioner a higher grade than his answers warranted.

It is apparent from many rulings of the circuit judge during the progress of the trial that he permitted the examination of the experts upon petitioner's answers to the questions propounded to him by the board on the theory that if the evidence showed that his answers were clearly and manifestly entitled to a higher grade than that given by the board it would tend to establish his charge of prejudice and misconduct on the part of the board and its members against him and consequently its refusal to issue a license to petitioner an abuse of discretion.

From the beginning and throughout the trial the respondents insisted that the board of examiners in passing upon the qualifications of an applicant for a license to practice dentistry must exercise their judgment and discretion and that having exercised it the writ of mandamus will not lie to review their decision. It is elementary that in mandamus proceedings to coerce a judicial officer or any person or board in the exercise of judicial or quasi-judicial power the sole legitimate purpose thereof is to set such person or board in motion; to command him or it to act, to exercise the judicial power vested in him or it; not to control as to the conclusion to be reached. The function of mandamus is to compel the performance of a legal duty, to command action, not to review action. It is the remedy for nonfeasance not for misfeasance. If the board had refused to examine the petitioner after having decided that he possessed the qualifications entitling him to take the examination it could doubtless have been compelled to do so by mandamus, or if having given him the examination there was no reasonable ground to justify a decision by said board other than that he had passed the required grade the

function of a mandamus proceeding is broad enough to remedy the mischief by compelling the making of such decision in perfect harmony with the rule that the office thereof is not to control discretionary authority but to compel the exercise thereof. That is to say, if the law imposes the duty upon a judicial body to do a particular thing upon determining that certain facts exist and reasonable inquiry be made by it in respect to such facts, and from the information thus obtained there is no reasonable ground for any conclusion other than that the conditions precedent to the performance of such duty exist, and a decision is made to the contrary or performance thereof is refused, such conduct is not the exercise of a discretionary power but a refusal to exercise it,—a refusal or neglect to perform a plain duty imposed by law; and there being no adequate legal remedy the way is open for the extraordinary jurisdiction of the court to award its writ of mandamus. But it is plain that in such a situation the court does not deal with disputed facts. It acts upon the theory that the person or body in duty bound to find the facts in accordance with the evidence, in refusing to do so goes beyond, or refuses to exercise, his or its jurisdiction and is on that ground alone a subject for coercion by mandamus. (*State* v. *Chittenden,* 88 N. W. 587; *State* v. *Johnson,* 79 N. W. 1081.)

If the board of dental examiners exercises judicial or quasi-judicial powers in the examination of candidates for licenses to practice dentistry under our statute it is apparent from the principles stated that the only question with which we are concerned is, has the board refused or neglected to exercise its jurisdiction either by refusing to examine the applicant, or having examined him utterly disregarded the duty resting upon it to decide in accordance with undisputed facts. That the board is under our statute clothed with quasi-judicial power we do not think

can be doubted. Section 1041 R. L. 1915 is as follows: "Any person twenty-one years of age and of good moral character, who has graduated at, and holds a diploma from a reputable college, and who desires to practice dentistry in this Territory, shall file his or her application with and pay to the secretary of the board a fee of twenty dollars which in no case shall be refunded, and present himself or herself for examination at the first meeting of the board after such application, and upon passing an examination satisfactory to the board, his or her name, age, nationality, location and number of years of practice shall be entered in a book kept for that purpose, and a certificate of license to practice shall be issued to such person."

The cases bearing on this question are numerous, a few of which will be examined.

In *Van Vleck* v. *Board of Dental Examiners,* 48 Pac. 223, from the supreme court of California, the petitioner sought by mandamus to compel the board to issue to him a license and alleged that he is the holder of a diploma regularly issued to him by the American College of Dental Surgery of Chicago, Ill., after a course of study therein and an examination for graduation as prescribed by the regulations thereof; that desiring to practice his profession in the State of California petitioner, on the 10th day of May, 1894, in pursuance of said act, presented to defendants his said diploma and demanded that they indorse the same and issue to him a certificate to that effect; that when said diploma was issued and at the time of the application to defendants said American College of Dental Surgery was a reputable college and there existed and was at the command of defendants sufficient evidence of such facts; that with his application petitioner furnished evidence satisfactory to the defendants that he was the person named in said diploma and that

the same had been issued to him as stated in said diploma; that defendants without any lawful right or excuse therefor refused to indorse plaintiff's said diploma or to issue to him the certificate provided for in said act. The act referred to after providing for the constitution and organization of the board and for the examination of applicants without diplomas as to their knowledge and skill in dental surgery further provides that "said board shall also indorse as satisfactory diplomas from any reputable dental college when satisfied of the character of such institution upon the holder furnishing evidence satisfactory to the board of his or her right to the same and shall issue certificates to that effect within ten days thereafter." The other provisions of the act were not involved. The defendants demurred to the complaint upon the ground among others that it did not state facts entitling petitioner to the relief sought. Discussing the powers conferred by the California statute the court said: "The powers thus conferred are broad and comprehensive, and in some respects, at least, must in their nature be final. The judgment of the board, for instance, as to the qualifications of an applicant for license by examination, which is largely, if not wholly, discretionary, must of necessity be conclusive. *Keller* v. *Hewitt,* 109 Cal. 146, 41 Pac. 871. No one would question this. Is the power to pass upon the reputability of a college, or the right of a holder of a diploma, intended to be less discretionary or final? There is nothing in the language of the act conferring the power to indicate it. The requirement is to 'indorse, as satisfactory, diplomas from any reputable dental college, when satisfied of the character of such institution, upon the holder furnishing evidence satisfactory to the board of his or her right to the same.' This implies quite as necessarily the exercise of judgment and discretion as in the examination of an applicant as to his

fitness.  It does not direct the board to act upon the
presentation of certain specified evidence prescribed by
the statute, but it requires the finding of the facts upon
which their action is to be based from evidence which is
to be 'satisfactory to the board.'  If the statute required
that the applicant make a prescribed showing in a par-
ticular manner, and that thereupon the board should
indorse his certificate, it might with some reason be said
that the act was more ministerial than judicial, and that,
upon the prescribed showing being made, the board could
not refuse to act.  Such a case would be within the doc-
trine of *Wood* v. *Strother*, 76 Cal. 545, 18 Pac. 766, and
*Stockton & V. R. Co.* v. *City of Stockton*, 51 Cal. 328,
relied on by respondent, where the action of the tribunal
depended upon a certain event, and, that event being
shown to have in fact occurred, the adverse determina-
tion of the tribunal whose duty it was to act was held
not so far discretionary as to conclude the question; the
true test, as held in *Wood* v. *Strother*, being whether the
determination of the tribunal 'is intended by law to be
final.'  But here the question whether those facts which
are to move the action of the board have been shown does
not depend upon some specified piece of evidence fixed
by the statute, but upon such facts as will satisfy the
board.  The whole question, in other words, as to the
facts, is committed to its discretionary judgment; and
that its determination in such a case is conclusive, and
not subject to the mandatory control of the courts, there
can be no doubt."

In the case of *Ewbank* v. *Turner*, 46 S. E. 508, from
the supreme court of North Carolina, which was an
action by an applicant for a license to practice dentistry
against the board of examiners to compel it to issue to
him a license after having taken an examination before
said board, the gist of his complaint is that, "On 19th

June, 1903, he was examined by the full board and though he, as he avers, showed on such examination that he 'possessed the necessary and required proficiency in the knowledge and practice of dentistry and underwent a satisfactory examination as required by the statute in such case made and provided, as will abundantly appear from an inspection of his examination papers, the said board and the majority of the defendants composing said board unlawfully, unjustly, and arbitrarily and without just cause or reason and abusing the discretion with which they were clothed by the laws of North Carolina refused and yet refuse upon the repeated demands of the plaintiff to issue and grant to him a certificate of proficiency to which he was and is entitled and which it was and is the duty of the defendants to issue and grant.' " The North Carolina statute provides that "said board shall grant a certificate of proficiency in the knowledge and practice of dentistry to all applicants who shall undergo a satisfactory examination and who shall receive a majority of votes of said board upon such proficiency." This statute like our own requires the examination to be satisfactory to the board.

The supreme court of North Carolina discussing the character of the board's duty under their statute and the case made by the complaint said: "The lawmaking power having intrusted such examination to the board thus constituted, and required that the examination shall be satisfactory to them, and such requirements being reasonable and in violation of no constitutional provision, the courts cannot intervene and direct the board to issue a certificate to one who the majority of the board have held has not passed a satisfactory examination, because, upon the examination of experts, the court or jury might think the examination of the plaintiff ought to have been satisfactory to the board. That is a matter resting in the con-

sciences and judgment of the board, under the provisions of the law, and the courts cannot by a mandamus compel them to certify contrary to what they have declared to be the truth. Had the board refused to examine the applicant upon his compliance with the regulations, the court could by mandamus compel them to examine him; but it cannot compel them to issue him a certificate, when the preliminary qualification required by law, that the applicant shall be found proficient and competent by the examining board, is lacking," · and further, "The complaint, alleging as ground of misconduct merely the fact that the examination should have been found sufficient by the board, does not state a cause of action authorizing the issuing of a mandamus. *People* v. *Dental Examiners,* 110 Ill. 180; *Dental Examiners* v. *People,* 123 Ill. 227; 13 N. E. 201; *Williams* v. *Dental Examiners,* 93 Tenn. 619, 27 S. W. 1019, and cases therein cited at page 628, 93 Tenn., 27 S. W. 1019; *State* v. *Coleman,* 64 Ohio St. 377, 60 N. E. 568, 55 L. R. A. 105. Mandamus cannot be used as a writ of error to revise and reverse erroneous judgments of a subordinate tribunal (in that case, a board of health), and the court 'will not and cannot look into the evidence of fact upon which the judgment of the board was based, for the purpose of determining whether the conclusions drawn from it were correctly or incorrectly formed.' *Kirchgessner* v. *Board of Health,* 53 N. J. Law, 594, 22 Atl. 226."

Other phases of such a case as is here presented are discussed in the case of *Kenney* v. *State Board of Dentistry,* 59 Atl. 932, by the supreme court of Rhode Island, where it is said: "Again for us to assume the right to pass upon the qualifications of the petitioner upon evidence to be presented, as she practically asks us to do, and to order the board to issue a certificate in case we find her qualified to practice dentistry, would be to con-

stitute ourselves a board of dentistry in place of the one created by statute. But we have neither the disposition nor the power to usurp the functions of that body. * * * As to the allegation to the effect that the board is prejudiced against the petitioner, and has not given her a fair and impartial examination, it is sufficient to reply that this court can take no notice of such a charge in a proceeding of this sort. If she was rejected because of improper motives on the part of the board, her remedy is by an action for damages against the individual members thereof, alleging bad faith, and arbitrary disregard of their duties, or improper animus against the appellant, or other malversation in their discharge of duty, but not by mandamus. * * * In short, jurisdiction in a case of this sort does not depend upon the manner in which the board has discharged its duties in matters where it is called upon to exercise judgment and discretion, but it depends upon whether there has been an absolute refusal to perform either a ministerial or a judicial duty. Here the complaint is, not that the board has failed to perform a ministerial duty, but that it has performed a judicial duty in an unfair and arbitrary manner, whereby the petitioner has been unjustly deprived of her rights. For such a wrong mandamus is not the remedy."

From what has been said it is clear that where the statute requires the applicant to pass an examination satisfactory to the board as does our statute and the license is refused because the examination is not satisfactory mandamus is not the proper remedy unless it appears that the opposite conclusion is the only one that could have been honestly reached, for the reason that the board in passing upon the question must exercise judgment and discretion and while mandamus will lie to compel the exercise of discretion it will not lie to control discretion.

But the petitioner insists that the board having determined in advance that a grade of 75% is all that will be required of an applicant the court must hear evidence and determine therefrom whether he is entitled on his examination to a grade of 75% or over and if found to be so entitled to compel the issuance of a license by mandamus. His contention is that the board in fixing the percentage to be required exhausted its discretion and the further duty resting upon it to properly grade the examination papers is purely ministerial. In support of this contention he relies upon the Texas case of *Dean* v. *Campbell*, reported in 59 S. W. 294. That was an action for mandamus against the board of pharmaceutical examiners to compel it to issue to the petitioner a certificate to follow the business of a pharmacist. The petition alleged in part, "(1) That petitioner was an applicant before said defendants, as a board of pharmacy for the twenty-sixth judicial district, to be examined by them for the purpose of being granted a certificate to follow the business and occupation of a practical pharmacist; the said applicant to be (and was by said board in its official capacity) examined on the 17th day of November, A. D. 1899, and by said board examined as to such. (2) That the rules and requirements of said board were that if, upon examination by said board, the applicant made in the three branches of said science of pharmacy, altogether, a standing rate of 195 in a possible maximum of 300, the applicant would be granted a certificate that he was a qualified pharmacist, to practice pharmacy in accordance with the act of the legislature of Texas approved on the 6th day of April, 1889; that petitioner, before standing said examination, was told this, and it was the agreement and understanding between him and said board when he stood the same that it was to be the basis and ground upon which he was to obtain his certifi-

cate, and was the basis and ground upon which all applicants obtained their certificates, being the rule of conduct of said board in that regard. (3) That on the said day and date petitioner appeared before said board and submitted to said examination, and was by said board completely, fully, carefully, and, so far as he knows, correctly and thoroughly, examined by said board as to his qualifications as a pharmacist, and until they were satisfied and sought to examine him no further, and that, as a result of said examination, petitioner by them was given as a mark, grade and standing 200 in said possible 300, as the maximum mark upon which said board conducted said examination, and was thereby, on account of such, entitled to be granted by said board the certificate as a qualified pharmacist under said act approved the 6th day of April, 1889, as aforesaid." A general demurrer to the petition was sustained and the petitioner appealed. After stating the case as made by the pleading and the action of the court on the demurrer the court say: "We are of the opinion that, if the averments of the petition are true, the plaintiff is entitled to the writ of mandamus. The court is lacking in power to control the discretion of the board of examiners, but the averments in the petition reach beyond the point of discretion, and are to the effect that the plaintiff passed the requisite examination according to the standard prescribed by the board, and that he was adjudged by the board as entitled to his certificate, but that they wilfully and maliciously refused to issue it to him. If as a fact in his examination he stood the test required by the board, and it was by them determined that he was entitled to his certificate, the issuance of the certificate then becomes a ministerial act, and the wilful failure and refusal to issue it would be a wrong perpetrated upon the plaintiff, for which his remedy would lie as prayed for. We have

examined the statutes and the decisions on the question of jurisdiction of the trial court in actions of this character, and the conclusion reached is that, if the proper case is made by the petition, the district court has jurisdiction to issue its mandamus to require the board of examiners to perform a ministerial duty."

This makes a very different case from the one at bar for the reason that in that case it is alleged that the board of examiners found that the petitioner had made a grade higher than that previously determined to be sufficient while in the case at bar the board found that the petitioner had not made the required grade. The case is therefore not authority for the petitioner's contention.

The case of *Keller* v. *Hewitt,* from the supreme court of California (41 Pac. 871), is to the same effect as the Texas case of *Dean* v. *Campbell, supra,* and the difference between them and a case where the board has found that the applicant did not pass the required grade is clearly pointed out by the California court in the following language: "The case of *Bailey* v. *Ewart,* 52 Iowa 111, 2 N. W. 1009, largely relied upon by respondents as supporting their view, we do not regard as in point or as in any way in conflict with the principles above announced. It is apparent from the reading of that case that the certificate was there refused because the applicant was not found qualified; and it was properly held under the general rule above stated that this question was a discretionary one and could not be reviewed. A very different question would have been presented had the applicant been found competent and the certificate then refused. Had the court reached the conclusion it did under such a state of facts the case would have presented some analogy to the one before us."

The only case we have found which involves the

question of the effect of a rule or statute fixing the grade that will be required is the case of *Raaf* v. *State Board of Medical Examiners,* 84 Pac. 33, from the supreme court of Idaho. The Idaho statute provides that "the board shall cause the examination to be scientific and practical and sufficiently thorough to test the applicant's fitness to practice medicine and surgery or either of them and if the applicant correctly answer at least 75 per cent. of all the questions submitted, said board shall grant the applicant a license to practice medicine and surgery in this state." The Idaho statute also provides that "In case the board refuse to grant a license to practice under this act, the applicant shall have the right to have the action of the board refusing such license reviewed by the district court in and for the county in which the meeting at which the license was refused was held or such other county as may be agreed upon." Notwithstanding these provisions of the statute the court in the case of *Raaf* v. *State Board of Medical Examiners, supra,* held that "A careful examination of the powers and authority granted the board will at once disclose the fact that it is called upon to exercise judgment and discretion in every instance where an application is made for a license on examination. It is the duty of the board first to determine whether or not the applicant is the bona fide holder of a diploma issued from a reputable medical college in good standing. It is their duty to determine whether or not the applicant is a person of good moral character. It is also their duty to examine his answers to the questions propounded and determine whether or not he has 'correctly answered at least seventy-five per cent. of all the questions submitted' to him. These are questions of fact to be determined by the board. There are no set, fixed or inviolable rules by which such a board must determine whether a question has been answered correctly or incorrectly. Knowl-

edge must be brought to bear and judgment must be exercised. The science of medicine is not such an exact and immutable science but that those who are eminent and learned in the profession often differ in a diagnosis or as to what would be an absolutely correct answer to a given question. It is a progressive science. This is one of the chief considerations for requiring such examinations to be conducted by those who are proficient and learned in the profession. The powers and authority to be exercised by various boards of this character has been frequently considered by the courts, and it has been generally held that they exercise discretionary and quasi judicial functions."

From the cases which we have reviewed, other than the Wisconsin cases above cited, it is apparent that they do not go as far as we have in holding that the refusal of a judicial body or a person or board exercising judicial or quasi-judicial powers to find the facts in accordance with undisputed evidence amounts to a refusal by such person or body to act and may, where there is no legal remedy, be coerced by mandamus to find the facts in accordance with the undisputed evidence, but we think the rule laid down in the Wisconsin cases represents the more enlightened view and should be adopted although the contrary view is supported by the greater number of judicial decisions.

In Montana where the statute provides that "In cases of the refusal or revocation of a certificate to practice medicine by the said board the person aggrieved thereby may appeal from the decision of the board to the district court of the county in which such revocation or refusal is made" it is held as a matter of course that the court must, where the certificate is refused on the ground that the applicant has failed in his examination and he appeals, determine the question of whether he in fact

failed but it is said that a court will be slow to reach a conclusion different from the finding of the board as to an applicant's competency to practice medicine where satisfactory evidence sustaining the board's opinion is presented and where no willful wrong or prejudice is charged against the board, or any of its members by the rejected candidate. But it must be apparent that the Montana case is not authority here for the reason that there the statute provides for an appeal to the court from the decision of the board which is not the case in this jurisdiction, and mandamus cannot be made to take the place of an appeal or writ of error. (*Ewbank* v. *Turner, supra.*)

We must therefore conclude that the fixing of a percentage which the candidate would be required to make before receiving a license did not render the board's duties ministerial. It canont therefore be coerced by mandamus to issue the license unless its action in refusing to do so comes within the rule heretofore announced. Very slight, if any, evidence is to be found in the record tending to establish the charges of prejudice and misconduct on the part of the members of the board. In fact the petitioner seems to rely almost entirely on his claim that a fair grading of his answers and practical work would entitle him to a rating in excess of 75% and therefore to his license. As has already been observed the experts called in behalf of respondents have testified that the grading of the board is fair and all that the answers given by the petitioner entitle him to. The grade given by the board averaged less than 60% and while the evidence given by the experts called in behalf of the petitioner is to the effect that his answers entitle him to a grade in excess of 75% we are not called upon in this proceeding to determine which view is entitled to the most weight. Unless the evidence showed that no other

conclusion than that the answers entitled him to a passing grade could have been honestly reached we are without power to compel the board by mandamus to so decide and issue the license.

For the reasons herein set forth the decree appealed from is affirmed.

*W. B. Pittman* (*Andrews, Pittman & O'Brien* on the brief) for petitioner.

*J. Lightfoot,* Deputy Attorney General, for respondents.