IN THE MATTER OF LEONCIO L. TACTACAN, PETITIONER FOR A WRIT OF MANDAMUS DIRECTED TO ALBERT M. FELIX, THIRD JUDGE OF THE CIRCUIT COURT, FIRST CIRCUIT, TERRITORY OF HAWAII.

No. 4042.

ARGUED SEPTEMBER 9, 11, 1957.                    DECIDED OCTOBER 4, 1957.

STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The petitioner herein filed a suit as plaintiff in the first circuit against Multiprises of Hawaii, Ltd., seeking to enforce a mechanic's and materialman's lien for work done on certain property in Wahiawa, Oahu, Territory of Hawaii. Thereafter, five separate suits were filed in the circuit court of the first circuit by various materialmen and subcontractors seeking to hold the petitioner herein and Multiprises of Hawaii as defendants and to enforce the mechanics liens against the said property at Wahiawa.

Prior to the time civil number 1478, filed by petitioner herein, came to trial the petitioner made a motion to consolidate his own case and the five other cases so filed to enforce mechanics liens; all five materialmen and subcontractors were cited to appear, and did appear, and made no objection to the consolidation of the said cases. However, the defendant Multiprises of Hawaii did object and the presiding judge without giving any reason or making any findings of law in face of the clear mandate of section

8773, Revised Laws of Hawaii 1945, as amended by Act 241 of the Session Laws of 1949 (Revised Laws of Hawaii 1955, § 193-45) on mechanics lien, denied said motion and refused to consolidate the said cases for hearing. Thereupon petitioner herein filed a petition for writ of mandamus to compel consolidation of said cases.

The statute, section 8773, Revised Laws of Hawaii 1945, as amended by Act 241, Session Laws 1949 (now R. L. H. 1955, § 193-45) provides:

"* * * All proceedings concerning the same improvement shall, unless good reason otherwise appears, be consolidated for trial and the court may order publication of notice of the pendency of suit. Any person having or claiming an interest in any such proceeding or in such property, including other claimants, lienors, encumbrancers, sureties and indemnitors may be joined as parties, may be interpleaded or may be permitted to intervene, under such orders as the court may enter. Interlocutory and final decrees for the foreclosure of the liens, for deficiency judgments and relief against the parties liable therefor, and fixing the priority of liens between the mechanics and materialmen as a group and other parties having liens against or interests in the property shall be made and entered as near as may be in accordance with the practice on foreclosure of mortgages in equity. * * *"

Although it would appear that the suits should have been consolidated under this statute, the statute gives the judge discretion as to whether the same should be consolidated.

As we have not a complete record on the proceedings had below, we cannot say what reasons influenced the judge in denying the motion to consolidate. It would appear that these cases should have been consolidated, the claim of each determined and an equitable distribution of proceeds made. However, where there is a discretion

in the judge, mandamus is not the proper remedy even though there has been an erroneous exercise of discretion. (*Hoopii* v. *Sinclair etc. et al.*, 40 Haw. 452.) The remedy, therefore, of the petitioner is appeal, not mandamus. Under an appeal the complete record and findings of the court can be considered.

Writ denied.

*Robert G. Hogan* (*Hogan & Dyer* on the petition and return to motion to set aside and quash) for the petitioner.

*Millard D. White* for *Multiprises of Hawaii, Ltd.,* defendant in Civil No. 1478.

*Willson C. Moore, Jr.,* and *Peter A. Aduja,* Deputies Attorney General (*Herbert Y. C. Choy,* Attorney General, and *Willson C. Moore, Jr.,* on the motion to set aside and quash petition for writ of mandamus and order to show cause why writ of mandamus should not issue) for Judge *Felix.*