STATE ex rel. DAVID C. McCLUNG, Petitioner, *v.* YASUTAKA FUKUSHIMA, Judge, Ninth Division, First Circuit Court, State of Hawaii, Respondent

No. 5231

January 4, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

---

OPINION OF THE COURT BY MARUMOTO, J.

Petitioner, David C. McClung, is president of the State senate, and respondent is presiding judge of the ninth division of the first circuit court.

By a petition originally filed in this court on October 22, 1971, petitioner seeks a writ of mandamus directing respondent to dismiss a complaint for defamation filed against him in the first circuit by Neil Abercrombie and relieve him from being subjected to inquiry regarding his statements and actions which are alleged to be defamatory. The case in the circuit court is docketed as Civil No. 33036 of that court.

The ground urged for the issuance of the writ is that the alleged statements and actions come within the scope of the legislative immunity in the first clause of Article III, section 8, of the State constitution, which reads: "No member of the legislature shall be held to answer before any other tribunal for any statement made or action taken in the exercise of his legislative functions."

In the circuit court, petitioner initially moved to dismiss the complaint inasmuch as the alleged defamatory statements were made by him in an interview with a newspaper reporter in the senate president's office.

Respondent treated that motion to dismiss as one for summary judgment, because matters not in the pleadings were presented at the hearing thereon, and denied the same.

The ground for denial was: "From the pleadings and from the present record of the case this Court cannot determine precisely on what legislative context these statements were made to make an intelligent finding whether these statements were made in the exercise of his legislative function."

No request was made by petitioner for leave to take an interlocutory appeal from that denial.

Subsequently, petitioner moved anew for summary judgment or to reserve the question of law presented in the motion to this court, with supporting affidavit and memorandum of law.

In the memorandum, besides reiterating the points previously urged, petitioner raised a point based on *Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29 (1971).

The motion was noticed for hearing before respondent on October 18, 1971. Before that date, Abercrombie moved for continuance to enable his counsel to take petitioner's deposition to oppose the summary judgment motion.

Respondent continued the hearing to November 1, 1971. Petitioner moved for leave to take an interlocutory appeal from the order of continuance. Such leave was denied.

Respondent's actions in granting the continuance and denying an interlocutory appeal from the continuance were proper under H.R.C.P. Rule 56(e), which provides that the court may permit movant's affidavit to be opposed "by depositions or by further affidavits."

The present petition for a writ of mandamus was filed immediately after the granting of continuance and before respondent had an opportunity to rule on the new motion for summary judgment.

Petitioner's objective in filing his petition here is to have this court rule in the first instance on the scope of the legislative immunity under the State constitution. This we are powerless to do.

Article V, section 1, of the State constitution provides that the judicial power of the State shall be vested in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish, and that the several courts shall have original and appellate jurisdiction "as provided by law."

Under HRS § 603-21(5), the original jurisdiction of the circuit courts extends to "all civil causes at law, except as otherwise expressly provided." There is no express statutory provision which confers jurisdiction over actions for

defamation upon any court other than the circuit courts. Thus, the circuit court, over which respondent presides, has original jurisdiction over Abercrombie's action against petitioner.

The jurisdiction of this court is primarily appellate, to determine questions of law, or of mixed law and fact, which are properly brought before it on appeal. Under HRS § 602-5, the original jurisdiction of this court is confined to "questions arising under writs of error, certiorari, mandamus, prohibition, and injunction directed to circuit courts, or to circuit judges, or to magistrates, or other judicial tribunals".

HRS § 659-1 defines mandamus which may be issued by this court as an order addressed "to an individual, or corporation, or court of inferior jurisdiction, directing him or it to perform some certain act belonging to the place, duty or quality, with which he or it is clothed."

With respect to Civil No. 33036, at the time petitioner filed his petition here, respondent was clothed with the duty of ruling on petitioner's motion for summary judgment, but had not discharged that duty because the motion was not ripe for ruling. By the very act of filing his petition for a writ of mandamus in this court, petitioner effectively prevented respondent from making an early ruling on the motion.

Mandamus may not be resorted to in anticipation of an omission to perform a duty. This court stated in *In re Sherwood*, 22 Haw. 381, 384 (1914), that the purpose of the writ is to compel action where the law imposes a duty to act and "there is a refusal to act".

The converse of the statement in *Sherwood* is that, where there is no refusal to act, a writ will not issue. Thus, it is stated in *Ex parte Scudder-Gale Grocery Co.*, 120 Ala. 434, 437, 25 So. 44, 45 (1899), that "when it is not clear that there has been a refusal to act, either positive or by conduct equivalent thereto, * * * the writ will be denied".

There has been no refusal to act on the part of respondent in Civil No. 33036.

Petitioner cites *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). That case is inapposite here.

*Schlagenhauf* involved a construction and application of Rule 35(a) of the Federal Rules of Civil Procedure, relating to physical and mental examination of persons. The district court ordered an individual defendant to submit to nine examinations. In a mandamus proceeding filed in the court of appeals to have the order set aside, it was alleged that the district court exceeded its power in entering the order. The court of appeals denied a writ, but the Supreme Court reversed and remanded the case to the district court to reconsider the order in the light of the guidelines set forth in its opinion.

Petitioner urges that *Schlagenhauf* stands for the proposition that mandamus may be utilized for didactic purposes by an appellate court in order to establish guidelines in an unsettled area of law.

*Schlagenhauf* differs from the case here in that the lower court had acted and the propriety of its action was in question. Furthermore, the action of the lower court concerned a matter within the rule-making power of the Supreme Court.[1]

It may be stated that, subsequent to *Schlagenhauf*, *Will v. United States*, 389 U.S. 90 (1967), recharted "the area of the availability of mandamus along quite restrictive lines." 9 Moore's Federal Practice, § 110.28, p. 308 (1970).

In *Will*, the court stated: "The entire thrust of the Government's justification for mandamus in this case, moreover, is that the writ serves a vital corrective and didactic function. While these aims lay at the core of * * * *Schlagenhauf v. Holder*, 379 U.S. 104 (1967), we fail to see

---

[1] It is stated in Los Angeles Brush Corp. v. James, 272 U.S. 701, 706 (1927): "[W]e think it clear that where the subject concerns the enforcement of the Equity Rules which by law it is the duty of this Court to formulate and put in force, and in a case in which this Court has the ultimate discretion to review the case on its merits, it may use its power of mandamus and deal directly with the District Court in requiring it to conform to them."

**300**

how they can be served here without findings of fact by the issuing court and some statement of the court's legal reasoning. A mandamus from the blue without rationale is tantamount to an abdication of the very expository and supervisory functions of an appellate court upon which the Government rests its attempt to justify the action below." 389 U.S. 107).

Finally we may quote the following from *Ex parte Fahey*, 332 U.S. 258, 259 (1947), regarding the use of mandamus against judges of lower tribunals:

> "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies they are reserved for really extraordinary causes."

Writ of mandamus is denied.

*Tobias C. Tolzmann*, Special Deputy Attorney General, for petitioner.

*Walter G. Chuck* and *Rodney Fujiyama* (*Chuck & Fujiyama* of counsel) for respondent.

*David C. Schutter* for intervenor *Neil Abercrombie*.