STATE OF HAWAII, ex rel. CHARLES F. MARSLAND, JR., Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* HAROLD Y. SHINTAKU, Judge of the Seventh Division of the First Circuit Court, State of Hawaii, or his successor in interest of the First Circuit Court, and CHARLES STEVENS, Real Party in Interest, Respondents

NO. 8472

CRIMINAL NO. 54331

FEBRUARY 8, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Defendant Charles Stevens was indicted by the first circuit grand jury on May 28, 1980, for the murders of Patricia Stevens and Conrad Maesaka on or about April 6, 1978. The March 1981 trial resulted in jury verdicts pronouncing Stevens guilty on both murder counts, prompting Stevens to move for a judgment of acquittal or, in the alternative, for a new trial. Despite a prosecution attempt to prevent Judge Shintaku from ruling on the motion,[1] the judge orally granted the judgment of acquittal on September 28, 1981, and articulated his reasons therefor in a lengthy written decision and order filed on October 6, 1981. The State now entreats this court to issue a writ of mandamus directing Judge Shintaku or his successor in office to vacate the judgment of acquittal, to reinstate the conviction previously entered pursuant to the jury verdicts, and to sentence Stevens accordingly.

The government's petition alleges the existence of exceptional circumstances justifying the issuance of mandamus in this case, namely, (a) that Judge Shintaku erroneously applied the "substantial evidence" standard of review to the facts before him when ruling on defendant's motion for judgment of acquittal, and (b) that the judge exceeded the scope of his review powers by invading the province of the jury in weighing the evidence and the credibility of the witnesses. The government additionally claims that the judge abused his discretion by viewing the conflicting evidence in a light most favorable to the defendant which, in combination with the above-mentioned errors, led to the wrongful granting of the judgment of acquittal.

Before we may reach these substantive issues, however, we must initially address the threshold question of whether this court may

---

[1] The prosecutor sought Judge Shintaku's disqualification on May 18, 1981, complaining of bias or prejudice on the judge's part in favor of defendant as evidenced by the judge's improper courtroom behavior. Judge Shintaku denied the motion, leading the prosecutor to petition this court for a writ of prohibition to preclude the judge's further participation in the Stevens case, which petition was also denied.

properly entertain the petition and grant the relief sought under the particular circumstances of this case.[2] *Cf. Chung v. Ogata,* 54 Haw. 146, 148, 504 P.2d 868, 870 (1972) (prohibition).

HRS § 602-5(4), (6) and (7) (1976 & Supp. 1981) expressly confer jurisdiction upon this court to grant the type of relief requested.[3] Nevertheless, because the object of mandamus is to supplement, not supersede legal remedies in extraordinary cases, a court will not be warranted in issuing mandamus unless it appears from the petition that petitioner has a "clear and indisputable" legal right to performance of a duty owed by respondent, *Will v. United States,* 389 U.S. 90, 96 (1967); *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384 (1953), and that petitioner lacks other means of adequately redressing the wrong or of obtaining the relief sought. *Roche v.*

---

[2] Subsequent to the State's filing of its petition on October 29, 1981, this court issued an Order to Show Cause requesting the respondents to brief only the narrow issue of the court's jurisdiction to issue mandamus in light of the facts of the case and the applicable authority. Both respondents answered with memoranda on the question.

[3] The pertinent provisions of HRS § 602-5 provide as follows:
*Jurisdiction and powers.* The supreme court shall have jurisdiction and powers as follows:

   .   .   .   .

   (4) To exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court, or if the supreme court consents to receive the case arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices; and such other original jurisdiction as may be expressly conferred by law;

   .   .   .   .

   (6) To make or issue any order or writ necessary or appropriate in aid of its appellate or original jurisdiction, and in such case any justice may issue a writ or an order to show cause returnable before the supreme court;

   (7) To make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.

*See* Shak v. McVey, 54 Haw. 274, 506 P.2d 8 (1973).
The former HRS ch. 659, entitled "Extraordinary Legal Remedies," contained several sections defining mandamus, describing its purpose, and setting forth procedures for its issuance. The chapter was repealed in 1972 in a comprehensive updating and unifying of the rules of court and procedure, without abolishing the particular types of relief formerly described therein. *See* Shak v. McVey, *id.;* Act 90, 1972 SLH 351, 355-56; House Stand. Comm. Rep. No. 330, *reprinted* in 1972 House Journal at 772.

*Evaporated Milk Association,* 319 U.S. 21, 27-28 (1943); J. High, A Treatise on Extraordinary Legal Remedies 15 (3d ed. 1896); *see United States ex rel. Girard Trust Co. v. Helvering,* 301 U.S. 540, 544 (1936).

In its petition and supplemental brief, the government submits that HRS § 641-13 (1976 & Supp. 1981) precludes further review of the judgment of acquittal by way of appeal, and contends according-ly that mandamus remains the sole means by which Judge Shintaku's allegedly erroneous actions may be rectified.

This court's ability to grant the extraordinary relief requested under the facts before it, however, is precluded at the outset by our previous ruling in *Chambers v. Leavey,* 60 Haw. 52, 57, 587 P.2d 807, 810 (1978), that mandamus may not be used to perform the office of an appeal. *See also State ex rel. McClung v. Fukushima,* 53 Haw. 295, 300, 492 P.2d 128, 131 (1972). As we pointed out in *Chambers, supra,* the right of appeal is not inchoate and exists only when granted by constitution or statute. *See Samuel Mahelona Memorial Hospital v. County of Kauai Civil Service Commission,* 46 Haw. 260, 263, 377 P.2d 703, 705 (1962); *In re Sprinkle & Chow Liquor License,* 40 Haw. 485, 491 (1954). HRS § 641-13 (1976 & Supp. 1981), conferring this right of appeal on the state in criminal cases in a limited number of enumerated instances, does not include in its enumeration a judg-ment of acquittal.[4] Compelled as we are to strictly construe HRS §

---

[4] HRS § 641-13 provides as follows:

*By State in criminal cases.*    An appeal may be taken by and on behalf of the State from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances:

(1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss, any indictment or information or any count thereof;

(2) From an order or judgment, sustaining a special plea in bar, or dismiss-ing the case where the defendant has not been put in jeopardy;

(3) From an order granting a new trial;

(4) From an order arresting judgment;

(5) From a ruling on a question of law adverse to the State where the defendant was convicted and appeals from the judgment;

(6) From the sentence, on the ground that it is illegal;

(7) From a pre-trial order granting a motion for the suppression of evi-dence, including a confession or admission, or the return of property in which case the intermediate appellate court or the supreme court, as the case may be, shall give priority to such an appeal and the order shall be stayed pending the outcome of the appeal;

(8) From an order denying a request by the State for protective order for

641-13 and its predecessor statutes,[5] *State v. Johnson*, 50 Haw. 525, 526, 445 P.2d 36, 37 (1968), especially in view of the double-jeopardy concerns implicated in the criminal appellate situation, *Will v. United States, supra; United States v. Weinstein*, 511 F.2d 622, 626 (2d Cir. 1975), we find that this jurisdiction has long adhered to a legislative policy of denying the State the right of appeal from a judgment of acquittal such as that entered by Judge Shintaku in the Stevens case. The rule of *Chambers* must therefore apply to this situation in which the legislature has deliberately forbidden a State appeal. The mere fact that other remedies are not available has never in itself been sufficient justification for mandamus, *In re Application of Liverpool*, 14 Haw. 481, 488 (1902); *cf. Chung v. Ogata, supra* at 150, 504 P.2d at 871 (prohibition), but where the legislature has so clearly expressed its intent to specifically deny government appeals from judgments of acquittal, it must follow from *Chambers* that an extraordinary writ may not be used to circumvent that intent or this court's duty to respect it.[6] *Cf. Will v. United States, supra* (use of

nondisclosure of witness for their personal safety under Rule 16(e)(4) of the Hawaii Rules of Penal Procedure, in which case the intermediate appellate court or the supreme court, as the case may be, shall give priority to such appeal and the order shall be stayed pending outcome of such appeal;

provided that no appeal shall be taken by or allowed the State in any case where there has been a verdict in favor of the defendant.

[5] The various forms of the criminal appeals statute, which was originally enacted in 1911, have never included a judgment of acquittal as a permissible basis from which appeal may be taken. *See, e.g.,* Act 146, 1977 SLH 282-83; Act 148, 1972 SLH 497; Act 37, 1931 SLH 28-29; Act 40, 1911 SLH 37-38.

[6] Our reluctance to act in derogation of legislative intent is consistent with the stance we took in Chung v. Ogata, *supra,* wherein we instructed that

[t]he Legislature is vested with power to determine whether a ruling of an inferior court shall be reviewed. If it fails to provide for such review *and this court, in its discretion, refuses, as we have in this case, to assume jurisdiction by granting extraordinary relief* . . . the rights of the parties involved are finally settled by the ruling of the inferior court. The result may appear harsh, . . . [b]ut this does not present an unusual situation in criminal jurisprudence, *State v. Johnson,* 50 Haw. 525, 526-27, 445 P.2d 36, 38 (1968) . . . . If the prosecution is dissatisfied with this policy, or the result in any particular case where no other remedy is available, it should address itself to the Legislature, "whose proper function it is to consider these matters and act accordingly," *State v. Johnson,* 50 Haw. at 527, 445 P.2d at 38.

54 Haw. at 151-52, 504 P.2d at 871-72 (emphasis supplied).

mandamus as substitute for appeal in derogation of policies behind federal Criminal Appeals Act forbidden).

We recognize, as we have in the past, that the extraordinary writ may nonetheless issue to confine an inferior tribunal to the lawful exercise of its proper jurisdiction, or to require it to act in accordance with its prescribed powers when it was its duty to do so.[7] *See Will v. United States, supra; Roche v. Evaporated Milk Association, supra* at 26; *In re Application of Liverpool, supra* at 489; *In re Waterhouse,* 2 Haw. 241, 244 (1860). Where the trial judge has discretion to act, however, mandamus clearly will not lie to interfere with or control the exercise of that discretion, even where the judge has acted erroneously, *In re Tactacan,* 42 Haw. 141, 142-43 (1957); *In re Application of Lorigan,* 25 Haw. 445, 451 (1920); *In re Application of Liverpool, supra* at 488, unless, as stated above, the judge has exceeded his jurisdiction, has committed a flagrant and manifest abuse of discretion, *Fong v. Sapienza,* 39 Haw. 79, 81 (1951);[8] *Alice National Bank v. Edwards,* 408

---

[7] This is the traditional formulation of the function of mandamus — namely, to correct "jurisdictional" errors or to compel exercise of that jurisdiction which the court possesses. Will v. United States, *supra* at 95; Note, Supervisory and Advisory Mandamus Under All Writs Act, 86 Harv. L. Rev. 595, 598 (1973).

[8] The precise extent of this exception as articulated in Fong v. Sapienza was first brought into question in In re Application of Akana, 42 Haw. 415 (1958), which criticized the *Fong* court for its ruling as based on a quotation taken out of context in a former case. The majority in *Fong,* faced with the question of whether mandamus would lie to compel an inferior court to exercise its discretion in a particular way, ruled that mandamus could so be issued where such discretion had been abused, based on a quotation from In re Application of Ivers, 12 Haw. 99 (1899), which ended as follows: "[Mandamus] does not lie to control judicial discretion, except when that discretion has been abused." *Id.* at 103, *quoting* Virginia v. Rives, 100 U.S. 313, 323 (1879). The *Akana* court, questioning this departure from the general rule of non-interference by way of mandamus where the judge has discretion, noted as had the lone dissenter in *Fong* that the quotation from *Virginia* should have been completed as follows: ". . . but it is a remedy when the case is outside the exercise of this discretion, and outside of the jurisdiction of the court or officer to which or to whom the writ is addressed." Virginia v. Rives, *id.* at 323-24. It did not rule on the extent of *Fong's* applicability in light of the completed quotation, however, as it found no abuse of discretion.

In Brown v. Hawkins, 50 Haw. 232, 437 P.2d 97 (1968), the court saw no need to accept *Fong* as controlling, finding no abuse of discretion in the case before it. It therefore adhered to the rule of Territory ex rel. Scott v. Stuart, 22 Haw. 576 (1915), that mandamus will not lie to enter a particular judgment or to set aside a decision already made. We similarly need not rule on the extent of *Fong's* applicability for the reasons set forth herein.

S.W.2d 307 (Tex. Civ. App. 1966), or has refused to act on a subject properly before the court where it was under a legal duty to act.[9] *In re Application of Lorigan, supra; In re Application of Liverpool, supra.*

In granting the motion for judgment of acquittal in the Stevens case, Judge Shintaku acted fully within his prescribed powers as described in Hawaii Rules of Penal Procedure 29(c).[10] And while the State has raised serious questions about the correctness of the judge's decision, we cannot say that the State's petition on its face makes a "clear and indisputable" case of a flagrant and manifest abuse of discretion on Judge Shintaku's part. That being the case, this court is powerless to issue an extraordinary writ or to otherwise further review the merits of the State's petition.

We are mindful of our supervisory role over the courts of inferior jurisdiction "to prevent and correct errors and abuses therein where no other remedy is expressly provided by law." HRS § 602-4 (1976 & Supp. 1981). Such power, as is that to grant extraordinary relief generally, has been exercised by this court in rare and exigent circumstances. *See Gannett Pacific Corp. v. Richardson,* 59 Haw. 224, 580 P.2d 49 (1978). For the reasons expressed above, however, we are compelled by the particular facts of this case to refrain from issuing mandamus in the exercise of that supervisory jurisdiction.

The petition for mandamus is hereby dismissed.

*Arthur E. Ross, Lila B. LeDuc,* Deputy Prosecuting Attorneys, for petitioner.

*Walter G. Chuck, Renton L. K. Nip, Ward Jones, (Walter G. Chuck,* Attorney at Law, a Law Corporation), for respondent Harold Y. Shintaku.

---

[9] Even in the latter instance, mandamus will be appropriate at most to direct the court to act, and not to require the court to act in a particular manner, where the task is a discretionary one. In re Lorigan, *supra;* In re Application of Liverpool, *supra.*

[10] HRPP 29(c) states as follows:

*Motion After Discharge of Jury.* If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 10 days after the jury is discharged or within such further time as the court may fix during the 10-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

314

*David C. Schutter, Judith Ann Pavey, (David C. Schutter,* Attorney at Law, a Law Corporation, of counsel) for respondent Charles Stevens.