## WAHIAWA SUGAR COMPANY, Ltd., *v.* WAIALUA AGRICULTURAL COMPANY, Ltd.

ORIGINAL ACTION TO QUIET TITLE.

SUBMITTED SEPTEMBER 19, 1900.     DECIDED OCTOBER 24, 1900.

GALBRAITH, J., J. W. CATHCART, ESQ., AND ALBERT F. JUDD, ESQ., OF THE BAR, IN PLACE OF FREAR, C.J. AND PERRY, J., DISQUALIFIED.

The Supreme Court of the Territory of Hawaii is an appellate court and has no original jurisdiction to hear and determine the statutory action to quiet title.

That part of Section 1773 of the Civil Laws of 1897, authorizing such actions to be commenced in the Supreme Court, was repealed by Section 80 of Chapter 57 of the Session Laws of 1892.

OPINION OF THE COURT BY ALBERT F. JUDD, ESQ.

These proceedings were brought under Chapter 113 of the Civil Laws of 1897, being Chapter 18 of the Laws of 1890, "To Provide for the Quieting of Titles, Estates and Interests in Real Property."

The complaint, in its form, complies with the provisions of the statute. To the complaint the defendant demurred, challenging the jurisdiction of this Court. The plaintiff joined in demurrer, and argument was had.

Chapter 18 of the Laws of 1890 gave to the Supreme Court and the Circuit Courts original jurisdiction to hear and determine causes of this kind. At that time the Supreme Court exercised both original and appellate jurisdiction, and all the machinery necessary for the drawing of juries and the conduct of causes *nisi prius* was supplied to the Supreme Court by statute.

In Section 80 of Chapter 57 of the Laws of 1892 is set forth a list of laws specifically repealed by that Act.

The statute under which these proceedings were brought is not among the laws there enumerated. The general repealing part of that section is as follows:

"And all laws or parts of laws, whether herein enumerated or not, which are inconsistent with the provisions of this Act, are hereby repealed or amended to conform to the provisions of this Act."

The statute on which the plaintiff relies, claiming that this Court has jurisdiction to hear and determine this case, not being specifically repealed by Chapter 57 of the Laws of 1892, can the two statutes be so reconciled as to give force and effect to both?

The plaintiff, relying on the doctrine that "it is presumed to be the legislative intent that a statute once enacted is enacted for all time," argues that the two statutes are perfectly harmonious, and that both should stand.

We cannot adopt this view. It is true that repeals by implication are not favored, and that two conflicting statutes should be construed so that both may be sustained if possible; but in this case we cannot reconcile the conflict between the two statutes, and the latter statute must prevail in so far as they do conflict.

The title which the makers of the laws of 1892 gave to Chapter 57 is a clear index to the legislative intent. They called it "An Act to Reorganize the Judiciary." That they intended to deprive the Supreme Court of all original jurisdiction, except in so far as original jurisdiction is needed to aid this Court in its appellate functions, and in Habeas Corpus cases (see Sec. 1164 Civil Laws) we have no doubt. Section 36 of the Act, which states the jurisdiction of the Circuit Court, and Section 51, which sets forth that of the Supreme Court, clearly do not contemplate that the Supreme Court is to have original jurisdiction in actions at law tried before a jury in the ordinary manner.

And in Section 79 of the Act we find further proof that the Legislature intended to repeal the law on which the plaintiff relies in so far as it gave to this Court original jurisdiction in causes of this nature. That section, in its third paragraph, reads as follows: "Civil actions and suits which before the 1st day of January, 1893, shall have been filed in the office of the Clerk of the Supreme Court, shall, if term cases, be returnable before the First Circuit Court, and, in chamber cases, before the Judge of the First Circuit Court at Chambers."

In *Kahoiwai v. Limaeu*, 10 Haw. 507, is clearly expressed the understanding that the law of 1890 to which we have referred provided for an action at law in common form, which would be placed upon the jury trial calendar and heard in the ordinary manner. This construction of that statute we adopt.

So, had the plaintiff in this action filed his declaration in the office of the Clerk of this Court say on the last day of the year 1892, this case would have been transferred by the Act to the Circuit Court of the First Circuit. We cannot hold that such a transfer was to be made for any reason other than that the Supreme Court, by force of the Act, was to be deprived of its jurisdiction in such cases as would be tried in term time.

We therefore hold that Chapter 18 of the Laws of 1890 (Chapter 113 of the Civil Laws of 1897) was repealed by Sec. 80 of Chapter 57 of the Laws of 1892, in so far as it gave to this

Court original jurisdiction over the form of statutory action therein provided.

Demurrer sustained, and action dismissed.

*Kinney, Ballou & McClanahan* and *H. A. Bigelow* for plaintiff.

*Hatch & Silliman* for defendant.