# IN THE MATTER OF THE APPLICATION OF CLARENCE D. PRINGLE FOR A WRIT OF MANDAMUS AGAINST JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII.

## PETITION FOR WRIT OF MANDAMUS.

ARGUED JUNE 1, 1915                    DECIDED JUNE 16, 1915.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MANDAMUS—*courts—jurisdiction.*

> Under the statutes of this Territory in cases of mandamus where the writ is directed to individuals original jurisdiction is vested in circuit judges at chambers, the jurisdiction of the supreme court in such cases being appellate only.

COURTS—*supreme court—appellate court.*

> The supreme court of this Territory is primarily a court of appeal and has such original jurisdiction only as has been expressly, or by necessary implication, conferred upon it by law.

### OPINION OF THE COURT BY ROBERTSON, C. J.

#### (Quarles, J., dissenting.)

In this case, upon the petition of Clarence D. Pringle for a writ of mandamus against James Bicknell, auditor of the city and county of Honolulu, the chief justice issued an alternative writ returnable before this court on May 24, 1915. On the return day, there being some doubt as to the jurisdiction of the court where, as in this case, the writ is directed to an individual, counsel were requested to present argument on the point. They have done so. The majority of the court are of the opinion that this court is without jurisdiction under the circumstances and that the writ in this case must therefore be dismissed.

In section 1 of "An Act to define the nature and to regulate the issuing of Writs of Mandamus" etc., approved on the 19th day of September, 1876, the writ was thus defined: "This is an order issuing in the name of the Sovereign, by the supreme

court in term or any justice thereof in vacation, and addressed to an individual, or corporation, or court of inferior jurisdiction, directing him or it to perform some certain act belonging to the place, duty or quality with which he or it is clothed." By the law, as it existed at the time, jurisdiction to issue writs of mandamus "to courts of inferior jurisdiction, to corporations and individuals" resided in the supreme court and the justices thereof. (C. C. 1859, Sec. 831; Cp. L. p. 238.) No such power was conferred on the circuit judges, until by the "Act to Reorganize the Judiciary Department," approved November 25, 1892, it was provided that "The judges of the several circuit courts shall have power in chambers within their respective jurisdictions, but subject to appeal * * * to issue writs of * * * mandamus * * * to courts of inferior jurisdiction, to corporations and individuals." (S. L. 1892, Ch. 57, Sec. 37; R. L. 1915, Sec. 2272.) By the same statute it was provided that the supreme court, in addition to its appellate jurisdiction, shall have "original jurisdiction in all questions arising under writs of * * * mandamus * * * directed to circuit courts, or to circuit judges, or to magistrates, or to other judicial tribunals" (S. L. 1892, Ch. 57, Sec. 51; R. L. 1915, Sec. 2252) and that the several justices of the supreme court shall have power "to issue writs of * * * mandamus to circuit courts and circuit judges * * * which writs shall be returnable before the supreme court." (S. L. 1892, Ch. 57, Sec. 53.) The section last quoted was amended in 1903 by the addition, after "circuit judges" of the words "district magistrates and other judicial tribunals." (S. L. 1903, Ch. 32, Sec. 14; R. L. 1915, Sec. 2253.) These provisions relating to jurisdiction have not since been changed. The act of 1892 did not expressly amend the act of 1876, but in the revision of 1905 the word "Territory" was substituted for "Sovereign," the words "in term" were omitted, and the words "or a circuit judge" were inserted in place of "in vacation," in section 1 of that act (R. L. 1905, Sec. 2010) and it has not since been amended. (R. L. 1915, Sec. 2675.) Another

provision referred to in argument is section 2682 of the Revised Laws of 1915. It reads as follows: "The party wishing to obtain an order in any of the cases before mentioned, must apply by petition addressed to the justices of the supreme court, or to any single justice thereof, or to a circuit judge, stating the nature of his right" etc. This originally was section 9 of the act of 1876, and was amended in the revision of 1905 (Sec. 2017) by the insertion of the words "or to a circuit judge" to harmonize with the provisions of the Judiciary Act of 1892, as in the case of Section 2010. The general provisions relating to mandamus were thus made to conform to the law conferring jurisdiction to issue the writ as had been the case prior to the passage of the Judiciary Act of 1892.

The contention of counsel for the petitioner is that under chapter 151 of the Revised Laws of 1915 (which includes Secs. 2675 and 2682) there is concurrent jurisdiction in the supreme court, the justices thereof, and the circuit judges, to issue writs of mandamus directed to individuals as well as to courts of inferior jurisdiction. We are unable to take this view. The general provisions of sections 2675 and 2682 (R. L. 1915) must be read in the light of and construed together with sections 2252, 2253 and 2272, they being *in pari materia.* "Laws *in pari materia,* or upon the same subject matter, must be construed with reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another." R. L. 1915, Sec. 11. Thus construed it is clear that while this court has original jurisdiction in mandamus in cases where the writ is directed to a circuit court, circuit judge, magistrate, or other judicial tribunal, the jurisdiction to issue the writ against an individual in the first instance has been confided to the circuit judges, the jurisdiction of this court in such cases being appellate only. Sections 2675 and 2682 are definitional in character while sections 2252, 2253 and 2272 confer jurisdiction. There is no inconsistency between these sections, and no question of a repeal by implication is involved.

It is contended that the supreme court of this Territory is a court of general original common law jurisdiction and, therefore, has inherent power to issue writs of mandamus. (See 26 Cyc. 388.) Aside from the fact that the alternative writ in this case was not issued by the court, but by one of the justices, the contention is based upon a misconception of the place of this court in the judiciary system of this Territory as founded in the Judiciary Act of 1892. This is not a court of general original common law jurisdiction, but is, primarily, a court of appeal and has such original jurisdiction only as has been, expressly or by necessary implication, conferred upon it by law. See *Rep.* v. *Saku Tokuji,* 9 Haw. 548, 551; *Estate of Bishop,* 11 Haw. 33; *Wahiawa Sug. Co.* v. *Waialua Agl. Co.,* 13 Haw. 109. The former statute (C. C. 1859, Sec. 831) which conferred jurisdiction to issue the writ in all cases upon the supreme court and the justices thereof having been expressly repealed by the act of 1892 (S. L. 1892, Ch. 57, Sec. 80) which divided the original jurisdiction in mandamus between the supreme court (and its justices) and the circuit judges at chambers whereby the jurisdiction of the former was specified to be in cases where the writ is directed to judges and judicial tribunals, and of the latter in cases where the writ is directed to courts of inferior jurisdiction, corporations and individuals, there is no room for implication, necessary or otherwise, that it was the intent of the legislature that there should be concurrent jurisdiction where the writ goes against individuals.

Further, it is contended that this court should take jurisdiction of this proceeding under section 2251, R. L. 1915, which provides that "The supreme court shall have the general superintendence of all courts of inferior jurisdiction, to prevent and correct errors and abuses therein where no other remedy is expressly provided by law." It is averred in the petition that all the circuit judges of the first judicial circuit are disqualified from hearing the matter and it is argued that the petitioner, therefore, is without remedy within the meaning of the statute.

There is no merit in this contention as, if all the circuit judges of the first circuit are in fact disqualified (which the respondent denies), a judge of one of the other circuits would be designated and authorized to hear the matter under the provisions of R. L. 1915, Sec. 2277.

For the reasons stated the alternative writ is dismissed.

*Lorrin Andrews* and *E. C. Peters* for petitioner.

*J. W. Cathcart* and *F. W. Milverton* for respondent.

### DISSENTING OPINION OF QUARLES, J.

The only question upon which the dismissal or refusal to dismiss the alternative writ of mandamus heretofore issued in this proceeding depends is one of jurisdiction—whether this court or a justice of this court may issue the writ to a public official commanding him to perform some official act which it is his legal duty to perform. All reference to sections herein, unless otherwise specified, are to the Revised Laws of 1915. Section 2252, originally enacted in 1892, simply defines the appellate jurisdiction of this court. Section 2253 relates to the issuance of certain writs, including that of mandamus, to certain courts and parties litigant therein in aid of the appellate jurisdiction of this court. Section 2254 provides: "The supreme court shall have power to compel the attendance of witnesses and the production of books, papers and accounts; to make and award all such judgments, decrees, orders and mandates; to issue all such executions and other processes, and to do all such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by the laws or for the promotion of justice in matters pending before it." Section 2272, as limited by section 2273, grants jurisdiction to circuit judges to issue writs of mandamus "to courts of inferior jurisdiction, to corporations and individuals," but does not provide that such jurisdiction shall be exclusively in the circuit judges. Section 2675, quoted in the majority opinion, which was in force in 1892, when sections 2252, 2253

and 2272 were enacted, and which has been in force at all times since it was enacted in 1876, expressly declares, as to mandamus, as follows: "This is an order issuing in the name of the Territory, by the supreme court or a justice thereof or a circuit judge, and addressed to an individual, or corporation, or court of inferior jurisdiction, directing him or it to perform some certain act belonging to the place, duty or quality with which he or it is clothed." Here is legislative sanction, in positive terms, to the issuance of the writ of mandamus by this court, or a justice of this court, addressed to an individual, corporation or court of inferior jurisdiction. This shows original jurisdiction in this court and in a justice thereof to issue writs of mandamus concurrently with circuit judges, addressed to individuals, corporations or inferior courts. Jurisdiction in its legal sense to issue the writ is the right, power or authority to issue it. It is the right of administering justice or doing judicial acts through the law by the means which the law has provided for that purpose. *Mills* v. *Commonwealth,* 13 Pa. St. 627, 630; *State* v. *Smith,* 29 R. I. 513. One statute may grant appellate jurisdiction to a certain court and another original jurisdiction to the same court in the same class of cases; or the same statute may grant a court appellate jurisdiction in one section in a certain class of cases and original jurisdiction in another section as to the same class of cases. A general grant of jurisdiction to one court in one statute does not impliedly repeal a special grant of jurisdiction to another court in another statute. *Loomis* v. *Bourn,* 63 Conn. 445.

In my opinion the enactment of sections 2272 and 2273, granting jurisdiction to circuit judges to issue writs of mandamus, while a special grant of original jurisdiction to circuit judges, does not amend or modify or change the provisions of section 2675, and does not repeal, by implication, that portion of the latter section authorizing this court or a justice thereof to issue such writs to private individuals, corporations and inferior courts. All of the sections herein named and those cited

and quoted in the majority opinion can be harmonized so as to give effect to each and every one of them, and in construing and interpreting such statutes it is the duty of the court to harmonize them, if possible, so as to give force and effect to all of the statutes bearing upon the question here considered. The correct rule as to the repeal of a statutory provision by implication is stated in a recent case decided by the supreme court of the United States (*Washington* v. *Miller,* 235 U. S. 422), where the court, in speaking of repeals by implication, at page 428 said: "First, such repeals are not favored, and usually occur only where there is such an irreconcilable conflict between an earlier and a later statute that effect reasonably cannot be given to both (*United States* v. *Healey,* 160 U. S. 136, 146; *United States* v. *Greathouse,* 166 U. S. 601, 605); second, where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is intended to remain in force as an exception to the general (*Townsend* v. *Little,* 109 U. S. 504, 512; *Ex parte Crow Dog,* Id. 556, 570; *Rodgers* v. *United States,* 185 U. S. 83, 87-89); third, there was in this instance no irreconcilable conflict or absolute incompatibility, for both statutes could be given reasonable operation if the presumption just named were recognized."

Sections 2252 and 2253 are general grants of appellate jurisdiction, and jurisdiction in aid of its appellate jurisdiction, to this court and a justice thereof. Section 2272, as limited by section 2273, is a general grant of jurisdiction to circuit judges as to the issuance of writs. Section 2675, as I read it, is a special grant of jurisdiction to this court and to the justices thereof and to circuit judges. Under the rule announced in *Washington* v. *Miller,* supra, the jurisdiction vested in the supreme court and a justice thereof, to issue writs like the one issued by the chief justice in this proceeding, not having been expressly repealed by the Judiciary Act of 1892, or any subsequent statute, was not repealed by implication, and before it can be properly

held that this court or a justice thereof cannot issue the writ in question here it must be held that a large portion of section 2675 has been repealed by implication. It is a well settled rule for statutory construction that in construing subsequent amendatory statutes the court must hold that no changes in the prior existing statutes were intended except such as were expressly made or necessarily implied. In addition to the authorities cited in my dissenting opinion *In re Pringle* (ante, p. 569), and to which I again refer, see Bishop on Statutory Crimes, 3 ed. Secs. 82, 86. "The jurisdiction of one court is not taken away by an affirmative statute giving the same to another. Either can then hear the cause, at the election of the suitor. For example, 'If, by a former law,' says Blackstone, 'an offense be indictable at the quarter sessions and the latter law makes the same offense indictable at the assizes, here the jurisdiction of the sessions is not taken away, but both have a concurrent jurisdiction, and the offender may be prosecuted at either, unless a new statute subjoins express negative words, as that the offense shall be indictable at the assizes and not elsewhere.' " Bishop on Statutory Crimes, 3 ed. Sec. 164. No intent, unless it be by implication, can be gathered from the statutes relating to the issuance of writs of mandamus to confine original jurisdiction to issue writs of mandamus to individuals or corporations to the circuit judges, or to exclude such jurisdiction from the supreme court or a justice thereof. This being true, full force and effect should be given to section 2675 and to all of the said sections. In the latter section, as I read it, legislative sanction or consent that this court, or a justice thereof, shall issue a writ like the one in question here is found, and in my opinion full force and effect should be given to that section, which cannot be done if it be held that this court is not authorized to issue the alternative writ heretofore issued in this proceeding.

Therefore, in my opinion, giving full force and effect to all of the statutes bearing upon the question here discussed, there is no doubt that this court, or a justice thereof, may issue a writ

of mandamus to an individual or corporation. Wherefore it is my opinion that the alternative writ, heretofore issued in this proceeding by the chief justice, was properly issued, and the same should not be dismissed, but the proceeding should be heard and determined on its merits.