CLARENCE NAM SING SHAK, Petitioner
*v.* JOSEPH G. McVEY, Examiner
of Chauffeurs of the City and
County of Honolulu, State of
Hawaii, Respondent

No. 5426

February 7, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* This is an original proceeding brought in this court by Clarence Nam Sing Shak, petitioner, against Joseph G. McVey, examiner of chauffeurs of the City and County of Honolulu, respondent.

In the proceeding, petitioner seeks a writ of mandamus from this court commanding respondent to renew his license to operate a motor vehicle provided he fulfills all requirements for renewing the license other than the requirement that he respond to the traffic citation given to him by a police officer.

Under HRS § 602-5, presently in effect, construed in *In re Pringle,* 22 Haw. 589 (1915), the jurisdiction of this court over mandamus is limited to the issuance of a writ in aid of its appellate jurisdiction or a writ directed to a circuit court or other judicial tribunal.

The writ sought by petitioner is not in aid of the appellate jurisdiction of this court, nor is it a writ directed to a judicial tribunal, but is one directed to an individual. This court has no original jurisdiction to issue such writ.

HRCP, Rule 81.1 abolishes mandamus in the circuit courts, except when directed to a court of inferior jurisdiction. But the rule provides that relief previously

available by mandamus may be obtained by appropriate action under the practice provided in the civil rules. It also provides that in any action in the nature of mandamus the court may shorten the time prescribed in the civil rules for pleading or doing any other act.

The rule mentioned above is similar to Rule 81 (b) of the Federal rules, as to which it is stated in *Hammond v. Hull,* 131 F.2d 23, 25 (D.C. Cir. 1942) : "The remedy which, before adoption of the new Rules of Civil Procedure, was known as mandamus, is available under the new rules and is governed by the same principles as formerly governed its administration."

Original jurisdiction to hear petitioner's claim for relief is in the circuit court.

*Clarence Nam Sing Shak,* petitioner in person.