MAURICE SAPIENZA, et al., Petitioners *v.* YOSHIMI HAYASHI, et al, Respondents

NO. 6308

SEPTEMBER 29, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This case is before us on a petition by the City Prosecutor of the City and County of Honolulu and his deputies, for a writ of prohibition directed against the Attorney General and the Honorable Yoshimi Hayashi, Judge of the Circuit Court of the First Circuit, seeking to enjoin them

from enforcing the court's order, dated July 29, 1976, wherein the court, based upon an evidentiary hearing on a motion for the petitioners' disqualification, ruled that "City Prosecutor Maurice Sapienza, or any deputy, or any special deputy, or any assistant attorney, or any special attorney, or any other attorney, or special attorney, appointed by or through the City Prosecutor to act in his behalf, is disqualified from presenting the Kukui Plaza matter to the Grand Jury." As the basis for its issuance, the court noted in its order that "[s]hould the City Prosecutor, or anyone appointed by or through his office, be allowed to take the Kukui Plaza investigation to the grand jury there would be created in the minds of the public an appearance of impropriety."

The Attorney General had moved in the circuit court for an order disqualifying the petitioners from presenting evidence to the Oahu Grand Jury, in connection with the Kukui Housing project, which has been the subject of an ongoing City Council investigation, alleging conflict of interest. The motion apparently was triggered by the following sequence of events as represented to the circuit court by the Attorney General: "On June 2, 1976, the Mayor of the City and County of Honolulu publicly announced that he had learned that a witness in the City Council's investigation of the Kukui Plaza project controversy had charged that he wrongfully received $200,000 'skim' money from the project. After categorically denying that he violated any law in connection with this project, he requested that City Prosecutor, Maurice Sapienza, present the entire Kukui Plaza controversy to the grand jury. On June 3, 1976, City Prosecutor Maurice Sapienza publicly stated that he would present the evidence concerning Kukui Plaza to the grand jury and that there is no conflict of interest problem even though he is an appointee of Mayor Fasi."

In his response to the motion for disqualification, the City Prosecutor asserted that "[h]e has reason to believe that certain criminal activity may have taken place involving the development of the Kukui Plaza housing development;" that "[h]e intends to request that an Oahu Grand Jury conduct an

investigation of criminal activity in connection with the housing development;" that "[s]hould the investigating Grand Jury determine that criminal activity occurred in the development of Kukui Plaza, he would seek an indictment or indictments from the Grand Jury for all crimes that the Grand Jury would believe to have been committed;" that "[t]he indictments would be sought against any person and every person involved in any criminal activity, regardless of that person's position in the City government or the community." The City Prosecutor admitted at the hearing that he had no evidence whatsoever to present to the grand jury at that point:

THE COURT: . . . Mr. Sapienza, I would like to ask you: Wouldn't that be a conflict of interest if you have to investigate Kukui Plaza Project, and Mr. Chung was involved?

MR. SAPIENZA: Well, Your Honor, don't we have to find out first if he is involved? I don't know if he is involved.

THE COURT: Well, isn't that all the matter here we are talking about? You don't have any evidence at that point; isn't that right?

MR. SAPIENZA: I have no evidence at all.

THE COURT: That's right, so you have nothing to present to the Grand Jury at this time; isn't that right?

MR. SAPIENZA: Well, we have to ask the Grand Jury to call in witnesses and determine whether—

The attorney general had the requisite standing to move for the petitioners' disqualification, and the circuit judge was empowered to hear and rule upon the motion. *See Pirillo v. Takiff,* 341 A.2d 896 (Pa. 1975); *In re Gopman,* 531 F.2d 262 (5th Cir. 1976). Attorneys, including prosecutors, are officers of the court, and their conduct in judicial proceedings are subject to its supervision. *Hull v. Celanese Corporation,* 513 F.2d 568 (2d Cir. 1975). In the exercise of its supervisory powers over grand jury proceedings, the circuit court may order the disqualification of attorneys attending the grand jury where the integrity of the grand jury process and the

proper administration of justice require it. *Pirillo v. Takiff,* *supra.*

The circuit judge issued its order, and we have been petitioned to enjoin its enforcement. Prohibition is a drastic and extraordinary remedy and may not be used as a substitute for appeal. *State ex rel. McClung v. Fukushima,* 53 Haw. 295, 492 P.2d 128 (1972). However, there are rare and exceptional situations where despite the availability of alternative remedies, the special and exigent circumstances of the particular case may move this court to issue its writ. *Chung v. Ogata,* 54 Haw. 146, 504 P.2d 868 (1972). We think this is such a case.

The circuit court's order was overbroad. To extend the order to its furthest limits, no criminal activity by anyone touching upon the "Kukui Plaza matter" could be called to the attention of the grand jury by the city prosecutor or any of his deputies. No specific charges of criminal violation legitimately lodged by the police against parties, other than the Mayor, Mr. Harry C. C. Chung, or Mr. Hal Hansen, could be presented to the grand jury by any member of the city prosecutor's staff. In short, the order would effectively bar the presentation to the grand jury of evidence concerning possible wrongdoing of third parties having no close personal or political relationships with the petitioners.

Additionally, the order of disqualification extends to any and all attorneys, presently employed or who may be appointed by the prosecuting attorney to his staff in the future. This is too sweeping a prohibition. *Fox v. Shapiro,* 84 Misc. 2d 223, 375 N.Y.S.2d 945 (1975). There the court held that to disqualify all assistant district attorneys simply because the district attorney was disqualified, would be too broad a disqualification. The district attorney in New York, as in this case, was the appointing authority. *See People v. Rupp* 75 Misc.2d 683, 348 N.Y.S.2d 649 (1973).

The prosecuting attorney is mandated by law to conduct all prosecutions for offenses against the laws of the State and the ordinances and rules and regulations of the City and County of Honolulu. Revised Charter of the City and County of Honolulu, § 6-703. He is required to "draw all indictments

and attend before and give advice to the grand jury whenever cases are presented to it for its consideration." *Ibid.* In the light of these statutory mandates, we are constrained to hold that the circuit court's broad and sweeping order was in excess of its authorized powers to issue. And where a circuit court, having jurisdiction over the subject matter, has exceeded its authority, prohibition in a proper case is available as a remedy. *Chung v. Ogata, supra; Pirillo v. Takiff, supra.* To allow the matter to rest until the appeals process has run its course would forestall the expeditious presentation of legitimate criminal charges to the grand jury by the prosecuting attorney. Obviously, this would not be in the public interest and would work upon the public irreparable harm.[1]

The power of the grand jury to conduct an investigation of the Kukui Plaza matter is not an issue before this court. Neither is the question of whether and to what extent, and under what instructions, the grand jury may engage in such an inquiry. It may well be that in the event of such a probe, Petitioner Sapienza should recuse himself from participating in view of his close personal and political relationships with the principal parties most often mentioned in connection with the City Council's Kukui Plaza investigation.[2] Whether he is

---

[1] It is no answer to say that the attorney general may conduct the presentations, see HRS §§ 26-7 and 28-1, for traditionally and pursuant to law, see Revised Charter of the City and County of Honolulu, § 6-703, the primary agency charged with initiating criminal prosecutions has been the office of the prosecuting attorney.

[2] Section 1.2 of the American Bar Association Standards for Criminal Justice—Standards Relating to the Prosecution Function and Defense Function provides:

"(a) A prosecutor should avoid the appearance or reality of a conflict of interest with respect to his official duties.

(b) A conflict of interest may arise when, for example,

(i) a law partner or other lawyer professionally associated with the prosecutor or a relative appears as, or of, counsel for a defendant;

(ii) a business partner or associate or a relative has any interest in a criminal case, either as a complaining witness, a party or as counsel;

(iii) a former client or associate is a defendant in a criminal case."

Personal and political associations may constitute grounds for a prosecutor's legal disqualification. It is, however, a question or degree and may depend upon the facts and circumstances of the particular case. Disqualification is a matter addressed to the sound discretion of the circuit court. Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975).

legally disqualified, however, we need not here decide in view of the basis for our decision today. Moreover, the complete record of the proceedings below is not before us.

Nevertheless, we find it necessary to observe that unless the Code's disciplinary rules require it, the mere appearance of impropriety will not always require the disqualification of an attorney, for counterbalancing it is the Code's own requirement that "[w]hile a lawyer should guard against otherwise proper conduct that has a tendency to diminish public confidence in the legal system or in the legal profession, his duty to clients or to the public should never be subordinate merely because the full discharge of his obligation may be misunderstood or may tend to subject him or the legal profession to criticism." Canon 9, Code of Professional Responsibility, Exhibit A to Rule 16 of the Rules of the Supreme Court of Hawaii. Canon 9 was not intended to serve as a sweeping basis for the disqualification of attorneys who are otherwise free of potential conflicts of interest. *Cf. Pirillo v. Takiff, supra; In re Gopman, supra; Fox v. Shapiro, supra.* Neither was it designed to provide a convenient refuge for the timid practitioner or to serve as an excuse for the public servant to avoid the performance of an unpleasant duty.

The writ as to the Honorable Yoshimi Hayashi will issue. The writ as to the Attorney General will be denied. HRS § 602-5(4).[3] *See also McMahon v. Prosecuting Attorney*, 51 Haw. 589, 465 P.2d 549 (1970); *Shak v. McVey*, 54 Haw. 274, 506 P.2d 8 (1973). In *Shak*, we said:

> Under HRS § 602-5, presently in effect, construed in *In re Pringle*, 22 Haw. 589 (1915), the jurisdiction of this court over mandamus is limited to the issuance of a writ in

---

[3] HRS § 602-5(4) provides:

Jurisdiction and powers. The supreme court shall have jurisdiction and powers as follows:

(4) To exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court. . . .

aid of its appellate jurisdiction or a writ directed to a circuit court or other judicial tribunal.

*Randolph Slaton*, Deputy Prosecuting Attorney, *Maurice Sapienza*, Prosecuting Attorney, for the petition.

*Larry Zenker*, Assistant Attorney General, for *Ronald Y. Amemiya*, respondent.

*Michael Lilly*, Deputy Attorney General, for *Judge Yoshimi Hayashi*, respondent.