GLICKSTEIN, Judge.
This is a petition for writ of common law certiorari by the state, seeking review of an order of the St. Lucie County Circuit Court disqualifying that county’s entire state attorney’s office professional staff from representing the state in the circuit court case involving respondent. We grant the petition and quash the order.
The facts show that respondent pled nolo contendere, in the county court, to charges of committing a lewd and lascivious act upon another and of battery. About six months later, respondent moved to vacate judgment and sentence and to withdraw his nolo contendere pleas. Respondent’s mo *392 tion was dismissed and his later motion for rehearing was denied. Still later, his motion for reconsideration was granted; and he was granted his motion to withdraw his nolo pleas. The state filed a motion for reconsideration of the county court’s reversal of its two prior rulings. The county court granted the state’s motion for reconsideration and rescinded its order allowing respondent to withdraw his nolo pleas. Thereupon respondent filed a petition for writ of common law certiorari in the circuit court for review of the county court’s order granting reconsideration to the state.
Respondent later moved to disqualify the four attorneys employed in the state attorney’s office on the ground that, because respondent had filed a 42 United States Code Section 1983 action against them in Federal court, their involvement in the case before the circuit court would present an appearance of impropriety. The circuit court granted respondent’s motion and requested the Governor to appoint a special prosecutor; whereupon the state filed this petition. The issue is whether the circuit court departed from the essential requirements of law when it disqualified the entire Nineteenth Judicial Circuit state attorney’s office professional staff from representing the state in the case brought by the respondent into the circuit court. We conclude that it did.
Respondent contends the issue is moot, because the Governor has appointed the state attorney of the Seventeenth Judicial Circuit to represent the state in the proceedings in the county and circuit courts. The Governor’s order to this effect is not in the record, respondent’s counsel claiming inability to locate a copy of the order in the trial court clerk’s office.
While the issue may indeed be moot as between these parties, we choose to determine whether the trial court departed from the essential requirements of law by disqualifying the entire state attorney staff of the circuit because the defendant had mounted a civil action against them. We elect to do so because the workings of the justice system may take a novel turn all over the state if such disqualification on this ground, without even a rudimentary evidentiary showing that those attorneys’ personal interest in this prosecution diverges prejudicially from the state’s interest in fair dispensation of justice, is not found to be improper. The matter is of substantial public interest, and guidance is needed for the future. See Times Publishing Company v. Burke, 375 So.2d 297 (Fla. 2d DCA 1979).
The reasoning presented to the circuit court by respondent’s counsel and adopted by that court in the order to be reviewed was that because state attorneys are quasi-judicial officers, there would be an appearance of impropriety because these attorneys might not be impartial. There were citations to Florida Code of Professional Responsibility Ethical Considerations 7-13, 7-14, 7-33 and 7-34. In argument at the hearing, respondent’s counsel analogized to the recusal of judges when, as also occurred here, a party before the court was suing those judges.
There is a clear rule in the Florida Code of Judicial Conduct that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. Canon 3C. A judge must be impartial and even-handed in treating the parties before him, because of his role as arbiter between the adversaries and, in jury trials, of making sure the jury understands the facts and the law and does not receive impermissible evidence or arguments. The role of a prosecutor in our adversarial system is not one requiring impartiality. The prosecutor is not to use unprofessional tactics when before a tribunal; is not to institute criminal charges without probable cause, and must share information with defense counsel that may be of assistance to the defense. See Florida Code of Professional Responsibility Disciplinary Rules 7-104 and 7-106. There are further ethical principles by which a prosecutor, like any other attorney, must abide. But because there is an impartial judge presiding, there is a built-in safeguard in any proceeding should the prose *393 cutor cross the bounds of professional ethics and responsibility. A lawyer may not represent a client with whom he has a conflict of interest, except in some cases upon full disclosure and intelligent acquiescence of the client, see Canon 5, and should zealously represent his client within the bounds of the law, Canon 7. Canon 9 does provide that a lawyer should avoid even the appearance of professional impropriety, but the ethical considerations and disciplinary rules under that Canon, or anywhere else in the Code, do not suggest that a lawyer being sued by his client’s adversary would appear to act improperly if he continued to represent his client against that adversary. A prosecutor is the state’s lawyer in a criminal case much as another attorney may be the plaintiff’s lawyer in a civil case. What conflict is there between the state’s interest and the prosecutor’s personal interest if the criminal defendant is contemporaneously suing the prosecutor? There could be, but it is not present a priori. What contingency could conceivably arise that the presiding judge could not handle, if an appearance of impropriety became evident? In the instant case, it is not suggested, for example, that without probable cause the prosecutor undertook a criminal prosecution of respondent after respondent instituted a suit against the prosecutor. The time sequence is quite the reverse, and respondent’s nolo pleas — even though he has since sought to withdraw them — suggest there was probable cause.
As to particular ethical considerations cited by respondent and in the circuit court’s order, any relation between them and the facts and circumstances precipitating the order is remote if it exists. EC 7-13, which comes closest to bearing on the instant facts, calls on the prosecutor to seek justice, not merely to convict. As indicated before, however, if there is any conduct at trial not consonant with this, the judge can discipline counsel and, if there is a jury, make needed amends. The remaining three ethical considerations mentioned in the order concern instituting or continuing litigation that is unfair — again the nolo plea makes this unlikely; handouts to the media of information or comments that could influence judge or jury, and acceptance of gifts or loans.
While there is no case law in Florida directly on point, we can envisage situations wherein EC 7-13 would demand disqualification of the prosecutor. For example, in circumstances otherwise similar to the present ones, if the defendant produced evidence that the prosecutor was continuing a prosecution vindictively, the prosecutor might well properly be disqualified.
We have located foreign authorities which, although not directly on point, can shed light on the issue that confronts us. Although the court order here under review refers specifically only to some ethical considerations under Canon 7, the concern about an appearance of impropriety obviously goes to Canon 9. In that regard the Hawaii Supreme Court has written, by way of dictum:
[W]e find it necessary to observe that unless the Code’s disciplinary rules require it, the mere appearance of impropriety will not always require the disqualification of an attorney, for counterbalancing it is the Code’s own requirement that “[wjhile a lawyer should guard against otherwise proper conduct that has a tendency to diminish public confidence in the legal system or in the legal profession, his duty to clients or to the public should never be subordinate merely because the full discharge of his obligation may be understood or may tend to subject him or the legal profession to criticism.” Canon 9, Code of Professional Responsibility, Exhibit A to Rule 16 of the Rules of the Supreme Court of Hawaii. Canon 9 was not intended to serve as a sweeping basis for the disqualification of attorneys who are otherwise free of potential conflicts of interest....
Neither was it designed to provide a convenient refuge for the timid practitioner or to serve as an excuse for the public servant to avoid the performance of an unpleasant duty.
*394 Sapienza v. Hayashi, 57 Hawaii 289, 295, 554 P.2d 1131, 1136 (1976) (citations omitted). To this we would add, nor is Canon 9 designed as a shield that a defendant may turn into a sword for impeding the wheels of justice, or a rasp to wear them down so they will be ineffectual against him.
What sort of personal interest of the prosecutor justifies his disqualification? In State v. Cox, 246 La. 748, 167 So.2d 352 (1964), there were two charges of criminal defamation against the defendant, both arising from the same facts and circumstances. The prosecutor recused himself from the case where he had himself allegedly been defamed, but not from the case where defamation of a judge was the charge. The Louisiana high court held the prosecutor should have been recused also from the latter prosecution, saying when a district attorney is personally interested in gaining a conviction, his interest is adverse to that of the state (his client), which is interested in equal and impartial justice only, and not in a conviction as such.
In State v. Snyder, 256 La. 601, 237 So.2d 392 (1970), the same court held a prosecutor who had made derogatory statements about the realtor and actively campaigned against him in a political contest because of an admitted strong personal animosity should have been disqualified. The court said there was a fair preponderance of evidence of the district attorney’s personal interest in the cause which was in conflict with fair and impartial administration of justice. This test came in part from an explicit provision in Louisiana’s code of criminal procedure. Though we find no such provision in Florida’s Rules of Criminal Procedure, the test seems appropriate for the instant case. To us, the key element of the test, expressed by the Snyder court, is the presence of a fair preponderance of evidence of the conflict between the prosecutor’s personal interest and the state’s interest. Merely asserting that there is such a conflict does not make it so. The Colorado Supreme Court in a disqualification case stated the standard is that “the allegations of interest must show concern in the outcome of the matter such that the district attorney will either reap some benefit or suffer some disadvantage; mere partiality will not suffice.” People ex rel. LoSavio v. Gentry, 199 Colo. 153, 160, 606 P.2d 57, 62 (1980).
For what they may be worth, we offer two- examples of cases in which the prosecutors’ interests did not justify their disqualification. Where the prosecutor was a director of the bank, he and his assistants were not disqualified to prosecute the case, because there was no evidence the bank was in any way connected with the transactions involved in the prosecution. Donald v. State, 453 S.W.2d 825 (Tex.Crim.App.1969). And, the fact the prosecuting attorney was counsel for the bank, a depositor there, and both personally and politically associated with bank officials, did not disqualify him from prosecuting the defendant for bank robbery. Garton v. State, 454 S.W.2d 522 (Mo.1970).
Combining the observations, quoted above, of the Hawaii supreme court with the standards expressed in other cited cases, and taking into account the nightmare that could seize the criminal justice system if the faintest appearance of impropriety could result in prosecutorial disqualification, we hold the circuit court departed from the essential requirements of law when it accepted as sufficient evidence of grounds for disqualification the affidavits of respondent’s wife and counsel that they had filed a 42 United States Code Section 1983 action against the prosecutors, plus mere argument, by respondent’s counsel, revolving around ethical considerations, and not disciplinary rules, of the Florida Code of Professional Responsibility. A more adequate showing of divergence between the personal interests of the prosecutors and the state’s interest in even-handed justice was required.
ANSTEAD, C.J., and WALDEN, J., concur.